In re WORLAND.

(District Court, N. D. Iowa, Cedar Rapids Division. March 30, 1899.)

1. BANKRUPTCY—SALE OF INCUMBERED PROPERTY.

Where the estate of a bankrupt includes real property subject to the liens of valid mortgages and judgments, the court may order it sold by the trustee in bankruptcy free of incumbrances, the liens being transferred to the proceeds of the sale, and may direct the method of sale and distribution so as to protect the rights and interests of all parties concerned.

2. SAME—PRIORITY OF LIENS.

Where real property of a bankrupt, improved by a building fitted for use as a cooper and carpenter shop, with a boiler, engine, and other machinery annexed to the building in the usual method, was subject to the lien of (1) a real-estate mortgage on the entire premises; (2) a subsequent

chattel mortgage on the stock, lumber, and other material, and the engine, boiler, tools, and machinery; and (3) a judgment recovered after the execution of both mortgages,—and the court of bankruptcy ordered the property sold by the trustee free of incumbrances, the liens to attach to the proceeds of sale, *held* that, out of such proceeds, the first mortgagee should be paid in full, and that the balance should be divided between the chattel mortgagee and the judgment creditor in the proportion which the value of the personalty covered by the chattel mortgage bore to the value of the whole.

In Bankruptcy. Submitted on application for a review of the ruling of the referee on petition of trustee for order directing sale of certain property, and establishing priority of lien.

J. C. Herring and B. L. Wick, for trustee.

Powel & Harman, for creditor Richard Grant Co.

SHIRAS, District Judge. From the record submitted in this case, it appears that in the year 1895 the bankrupt erected upon a plot of ground by him owned, adjacent to the town of Norway, in Benton county, Iowa, a brick building, resting upon a stone foundation, and placed therein an engine, boiler, equalizer, steam planer, jointer, with certain shafting, belting, pulleys, and other like machinery; the building being thus erected and equipped with machinery for the purpose of using it as a combined cooper, wagon, and carpenter shop. The boiler, engine, and other parts of the machinery were annexed to the building in the usual method. On the 3d day of September, 1895, after the machinery had been placed in the building, the bankrupt executed to John De Klotz a real-estate mortgage upon the premises to secure the payment of a promissory note for $500, payable in two years after its date, which debt remains due and unpaid. On the 3d day of August, 1896, the bankrupt executed to B. F. Tamblyn a chattel mortgage on the stock, lumber, and other material, and on the tools, machinery, engine, boiler, gearing, shafting, and belting, on said premises, to secure the payment of the sum of $700. On the 18th day of February, 1898, the Richard Grant Company obtained a judgment in their favor against the bankrupt, in the district court of Benton county, Iowa, for the sum of $365. On the 10th day of November, 1898, the petition in bankruptcy was filed. The adjudication followed, and the case was referred to the referee, in Linn county; and B. F. Tamblyn was appointed trustee of the bankrupt's estate, and, in his capacity as trustee, he petitioned the referee for an order directing the sale of the realty, and the machinery connected therewith, and asking that the latter should be sold separately, the proceeds to be applied to the payment of the debt secured by the chattel mortgage. Upon the hearing before the referee, it was ruled that the boiler, engine, and other machinery attached to the building had become part of the realty, so that no lien was created thereon by the chattel mortgage to B. F. Tamblyn. To review this ruling, the matter has been certified to this court; briefs on behalf of Tamblyn and the Richard Grant Company being submitted by counsel, in which the cases bearing upon the general question of the annexation of personalty to realty are quite fully discussed, but I do not deem it necessary to consider these, in extenso, in this opinion.

Upon principle, as well as upon the authority of the decided cases, it is clear that the lien of the real-estate mortgage executed to John De Koltz covered the land, the building erected thereon, and the boiler, engine, and other machinery attached to the building; and this lien could not be displaced or defeated by the action of the bankrupt in subsequently treating the machinery as personalty, and giving a mortgage thereon. In order to protect this right of De Koltz, it is not necessary, however, to go to the extent of holding that the bankrupt could not sell the engine, boiler, and machinery to a third party, subject to the rights of De Koltz; and, if he could sell it, he could mortgage it to secure a just debt. The real contest in this matter seems to be between Tamblyn, as owner of the chattel mortgage, and the Richard Grant Company, the judgment creditor, on whose behalf the claim is made that the lien of the judgment is superior to that of Tamblyn. The evidence shows that no execution sale has been had under the judgment in favor of the Richard Grant Company, and the lien of the judgment attached only to the real interest held by the bankrupt in the property at the time of its rendition, or which he may have acquired subsequently. As against Tamblyn, the rights of the Richard Grant Company are those held by the bankrupt, and no greater; and thus the issue is reduced to the question whether, as against the bankrupt, who executed the chattel mortgage to Tamblyn, the latter is entitled to a lien on the property included in the mortgage. As between the mortgagor and mortgagee, I see no reason why the mortgage is not a valid and enforceable lien; and, if it was valid and enforceable against the mortgagor when executed, it was not rendered invalid simply because at a subsequent date a judgment was rendered in favor of the Richard Grant Company, which by operation of the statute of Iowa became a lien on the interest in realty belonging to the common debtor. The situation is this: By virtue of the mortgage executed to De Koltz, he has the right to assert a lien upon the realty, which, in his favor, must be held to include the lot, the building erected thereon, and the engine, boiler, and other machinery attached to the building. Under the mortgage executed to Tamblyn, he has the right to assert a lien, subject to the prior rights and lien of De Koltz, upon the machinery described in the mortgage, even though it may be attached to the building. Under the judgment rendered in the district court of Benton county, the Richard Grant Company has a lien upon the interest held by the bankrupt at the date of the judgment in the property in question; this lien being subject to the prior liens held by De Koltz and Tamblyn. Thus, if the whole property should be sold for the sum of $1,000, De Koltz would be entitled to be paid the sum due him in full, and the remainder should be divided between Tamblyn and the Richard Grant Company in the proportion which the value of the personalty covered by the chattel mortgage bears to the value of the whole. The entire property being within the control of the court of bankruptcy, it can direct the method of sale and distribution, so as to protect the rights and interests of all concerned.

The first point for consideration is as to the mode of sale,—whether the property should be sold as an entirety, or should be separated.

The rule is to adopt the mode which will realize the largest amount. The sale should be made so that the purchaser takes a title free from all claims or liens, the liens being remitted to the proceeds of the sale. If the order is that the property should be sold as an entirety, then the question will arise as to the mode of determining the relative interests of Tamblyn and the Richard Grant Company in the balance left after paying the lien held by De Koltz, which requires a determination of the relative value of the property covered by the chattel mortgage, and included in the sale, as compared with the value of the whole property included in the sale. This question may be settled by the agreement of the parties, evidenced in writing duly signed, by a written agreement providing for an appraisement of the respective values by the appraisers, or by a submission of the question to the referee upon evidence taken under his direction.

Some question has been made in argument with respect to the amounts due on the several mortgages, and the validity of the chattel mortgage. The record does not present any issues upon these matters, and, in the consideration of the question decided, the court has assumed that the mortgages were executed in good faith to secure actual indebtedness.