## In re WILKA.

(District Court, N. D. Iowa, W. D. August 26, 1904.)

1. BANKRUPTCY—JURISDICTION OF COURT—SALE OF PROPERTY OUTSIDE OF DISTRICT.

A trustee in bankruptcy is vested with title to the bankrupt's property wherever situated; and when he has taken actual possession thereof, although it may be in another state, it is in the custody of the court of bankruptcy administering the estate, and a referee has jurisdiction to order its sale free from liens.

2. SAME—RESIDENCE OF CREDITOR.

The fact that a mortgagee of a bankrupt's property resides in another state, where the property is also situated, does not affect the jurisdiction of the bankruptcy court administering the estate to order it sold free from the lien of the mortgage on proper notice to the mortgagee.

In Bankruptcy. Submitted on petition of the Granite City Bank of Dell Rapids, South Dakota, for review of order of referee directing the trustee to sell personal property of the bankrupt free from the mortgage liens of said bank.

From the certificate of the referee it appears that the trustee presented a petition to the referee alleging: That certain property of the bankrupt, to wit, live stock and grain, situate in Moody county, S. D., was covered by liens and mortgages, one of which was to the Granite City Bank of Dell Rapids, S. D., for over $15,000, made by the bankrupt June 27, 1903, shortly after said bank had attached said property in an action against the bankrupt; that said mortgage was a preference within the meaning of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), and that the amount due the bank thereon from the bankrupt, if anything, is uncertain; that the property is of a perishable nature, and will be lost if not soon sold; and praying that he be authorized to sell the property free from the mortgage and other liens thereon. The referee fixed a time for the hearing of said petition, and gave to all creditors notice thereof by mail, and notice was also served personally upon the Granite City Bank of such hearing, in Dell Rapids, S. D. At the time fixed for such hearing the Granite City Bank appeared specially to object to the jurisdiction of the court, and did object thereto upon the grounds, in substance, that neither the property referred to in the petition of the trustee nor the Granite City Bank were within the territorial jurisdiction of the court, and for that reason the court had no authority to order a sale of the property free from the lien of the bank's mortgage. The referee found that the trustee was in the actual possession of the property, and ordered that it be sold free from the liens thereon, and that the proceeds be applied to the payment of the liens as they may be established. The Granite City Bank petitions for a review of this order.

Aiken & Judge, for Granite City Bank.
C. J. Miller, for trustee.

REED, District Judge (after stating the facts). The sole objection urged in argument to the jurisdiction of the referee is that, because the property covered by the liens of the bank's mortgage and the bank itself were without the territorial jurisdiction of the court, it had no jurisdiction to make the order for the sale. The referee finds, however, that the trustee was in the actual possession of the property. If this is true, though the property may then have been situated in South Dakota, the court was in the actual custody and possession of the property through its trustee. Section 70 of the bankruptcy act vests the trustee, by operation of law, as of the date of the adjudication, with the title to the property of the bankrupt not exempt to him, wherever it may be situated. Such title authorizes the trustee to reduce such property to his actual possession, and when he has done so the property is then in the actual custody and control of the bankruptcy court administering the estate. The Granite City Bank is a creditor of the bankrupt, Wilka, and therefore a party to the bankruptcy proceedings in such sense that it is bound by the orders of the court made with reference to property in its actual custody. Hanover Nat. Bank v. Moyses, 186 U. S. 181, 22 Sup. Ct. 857, 46 L. Ed. 1113; In re Pekin Plow Co., 112 Fed. 308, 50 C. C. A. 257.

Section 58 of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444] provides "that creditors shall have ten days notice by mail * * * (4) of all proposed sales of

property." The bankruptcy court may, if circumstances require, order a sale of the property of the bankrupt free from the liens of mortgage creditors or other lienholders, so that the purchaser will take the title free from said liens; the liens being remitted to the proceeds of the property. In re Worland (D. C.) 92 Fed. 893. In this case the Granite City Bank was given the notice required by the bankruptcy act, and by personal service of such notice upon it at Dell Rapids, S. D., as well. The conclusion is that the referee had jurisdiction to make the order of sale. This, of course, does not preclude the bank from establishing its claim, if it can do so, to the proceeds of the property covered by its mortgage. It may propound its claim thereto before the referee. In fact, the referee should require it to do so before making any order for the distribution of such proceeds. Upon the bank's presenting its claim to such proceeds, the trustee may take issue thereon, if he so elects, and the referee will then determine the matter upon evidence taken under his directions. Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; In re Rochford, 124 Fed. 182, 59 C. C. A. 388; In re Worland (D. C.) 92 Fed. 893.

The order of the referee, upon the issues and facts shown by his certificate, is approved.