In re UNITED STATES GRAPHITE CO.

(District Court, E. D. Pennsylvania. May 14, 1908.)

No. 2,865.

1. BANKRUPTCY—FOREIGN ATTACHMENT—LIEN.

Where a foreign attachment was levied on the property of a bankrupt more than four months prior to the commencement of the bankruptcy proceedings, the lien of a fi fa. on a judgment subsequently obtained related back to the date of the attachment and was not divested by the bankruptcy act.

2. SAME—SALE OF PROPERTY—LIENS.

That property of a bankrupt was subject to a valid lien of an attaching creditor, not divested by the bankruptcy act, did not prevent the bankruptcy court from directing the sale of the property free from liens; the lien of the attaching creditor being thereby transferred to the proceeds of the trustee's sale according to its priority.

3. SAME.

Where a portion of a bankrupt's property was subject to a valid foreign attachment lien, and the sale of the attached property by the sheriff would dismember the property and result in destroying its value, while a sale of the whole property by the bankrupt's trustee would enable the creditors to obtain a better price, the bankruptcy court under its general equity powers or referee had power to direct the sale of the whole property free from liens, remitting the liens to the proceeds of the sale.

In Bankruptcy. On petition of attaching lien creditor.

John S. Freeman, for petitioner.
Henry N. Wessel, for trustee.

HOLLAND, District Judge. A. D. Granger Company issued a foreign attachment against certain personal property belonging to the bankrupt on December 14, 1906, more than four months prior to the commencement of bankruptcy proceedings. The case was proceeded with, and trial before a jury in Chester county resulted in a judgment in favor of the attaching creditor for $1,474.45, upon which judgment was entered and a fi. fa issued. This court restrained the attaching creditor from selling upon a levy on this fi. fa., and subsequently the trustee in bankruptcy advertised the property attached for sale, together with the whole plant. The attaching creditor then presented a petition to restrain the trustee from selling, upon the ground that, the foreign attachment having been issued more than four months prior to the commencement of the bankruptcy proceedings, the lien thereof was not divested by the bankruptcy act, and that this lien entitled the attaching creditor to sell the property upon his fi. fa., and that the bankrupt court has no jurisdiction to stay the attaching creditor's sale on his fi. fa. and order a sale of the property by the trustee free from all liens, remitting the lien of the attaching creditor to the proceeds of sale.

The cases cited by the petitioner are all to the effect that, the foreign attachment having been served on December 14, 1906, more than four months prior to the commencement of the bankruptcy proceedings, the lien thereof relates back to that date, and is not divested by the bankrupt act. Metcalf Bros. v. Barker, 187 U. S. 165, 23 Sup.

Ct. 67, 47 L. Ed. 122.   But there is nothing in this or analogous cases
to indicate that the court cannot direct a sale of the property free from
all liens, in which event the lien of the attaching creditor is transferred
to the proceeds of the trustee's sale according to its priority.   Where
it clearly appears, as in this case, that a sale by the sheriff would dis-
member the property and result in destroying its value, and that, on
the other hand, a sale of the property as a whole by the trustee would
enable the creditors to obtain a better price, under such a circumstance
the cases are quite uniform in declaring that a bankruptcy court,
under its general equitable powers, or a referee, may direct a sale of
the bankrupt's property free and clear from all liens, remitting the
same to the proceeds of sale.   Collier on Bankruptcy (6th Ed.) p. 609;
Loveland on Bankruptcy (2d Ed.) p. 706;   In re Charles Pittelkow,
1 Am. Bankr. Rep. 472, 92 Fed. 901;   In re Worland, 1 Am. Bankr.
Rep. 450, 92 Fed. 893;   In re Keet, 11 Am. Bankr. Rep. 117, 128
Fed. 651;   In re Wilka, 12 Am Bankr. Rep. 727, 131 Fed. 1004.

Petition to restrain trustee from selling is refused.