## Citizens Savings Bank of Paducah v. City of Paducah.

(Decided June 19, 1914.)

### Appeal from McCracken Circuit Court.

1. Bankruptcy—Sale of Property—Liens.—A court of bankruptcy, including the referee, has authority to direct a sale of property by the trustee in bankruptcy free and clear of all liens and encumbrances.

2. Bankruptcy—Encumbered Property—Trustee Not Required to Sell.—A trustee is not required to sell any portion of the bankrupt property where the appraisers' return shows it to be so heavily encumbered with valid liens that nothing can be realized for the unsecured creditors.

3. Bankruptcy—Sale of Property Free of Liens—Effect on Tax Lien.
—A sale of bankrupt property free of liens does not affect a lien
in the nature of a tax assessment against the property, but in
such a case the trustee should protect the purchaser by providing
for the payment of the taxes.

4. Bankruptcy—Sale of Encumbered Property—Tax Lien—Rights of
Purchaser.—Where a trustee in bankruptcy had on hand no assets
with which to pay a tax lien against property sold by him, and
the property was not sold free of tax liens, the purchaser acquired
it subject to the tax lien in question.

J. D. MOCQUOT for appellant.

BRADSHAW & BRADSHAW for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Affirming.

The Paducah Glass Company, a corporation, was ad-
judged a bankrupt. Prior to the bankruptcy, it had
mortgaged its property to the Citizens Savings Bank for
a sum in excess of its value. The City of Paducah like-
wise had a lien on the same property for taxes due for
1908. This lien was prior to the mortgage lien of the
bank. On petition of the trustee in bankruptcy, a sale of
the property of the bankrupt was ordered. The bank
purchased the property. Before acquiring a deed, it
was compelled to pay certain costs incurred in the bank-
ruptcy proceeding.

The City of Paducah instituted this action against the
purchaser, Citizens Savings Bank, to enforce its lien for
taxes. On final hearing there was a judgment in favor
of the city for the amount sued for, and the bank appeals.

Section 64a of the Bankruptcy Act provides, in part,
as follows:

"The court shall order the trustee to pay all taxes
legally due and owing by the bankrupt to the United
States, State, county, district or municipality in advance
of the payment of dividends to creditors, and upon filing
the receipts of the proper public officers for such payment
he shall be credited with the amount thereof, and in case
any question arises as to the amount or legality of any
such tax the same shall be heard and determined by the
court."

For the bank it is insisted that the City of Paducah
is now estopped from asserting any claim against it or its
property for taxes due by the bankrupt, by its failure to
assert a claim for taxes in the bankrupt court, and by

reason of the failure of the court to make an order directing the trustee to pay the taxes. In the present case the order is silent as to how the property was sold; whether free of liens or subject to liens. It is well settled that a court of bankruptcy, including the referee, has authority to direct a sale of property by the trustee in bankruptcy free and clear of all liens and encumbrances, in which event the liens are transferred to the proceeds according to their priority. In re Worland, 1 A. B. R., 450, 92 Fed., 893; McNair v. McIntyre, 113 Fed., 113; Brandenburg on Bankruptcy, Sec. 1195. However, it is well settled that a trustee should not be required to sell any portion of the estate where the appraisers return shows it to be so heavily encumbered with valid liens that nothing can be realized for the unsecured creditors. In re Cogley, 107 Fed., 73, 5 A. B. R., 731. It is further held that a sale free of liens does not affect a lien in the nature of a tax assessment against the property, but in such a case the trustee should protect the purchaser by providing for the payment of the taxes. In re Keller, 109 Fed., 131, 6 A. B. R., 334. In the present case there was no sale free of tax liens. It is further shown that the trustee had on hand no assets, and acquired by virtue of the sale no assets, out of which he could pay the taxes. For failing to provide for the payment of the taxes under these circumstances, neither the court nor the trustee can be blamed. The property not being sold free of tax liens, the purchaser acquired it subject to the tax lien in question. If the trustee had any assets out of which to pay the taxes, the purchaser might require that this be done. Here the trustee could not pay the taxes unless the purchaser furnished the money. The purchaser is therefore in no position to complain of the fact that the taxes were not paid by the trustee. Whether the purchaser furnished the money to the trustee in the first instance, or is now required to pay the taxes, the result is the same. It does not appear that the city had notice of the bankruptcy proceeding, or that its claim for taxes was therein adjudicated; hence, it is in nowise concluded by the bankruptcy proceeding.

Judgment affirmed.