### In re CANYON PIPE LINE CO.
No. 8025.

District Court, E. D. Illinois.
June 12, 1941.

234

Charles F. Potter and Weeks, Surles & Potter, all of Centralia, Ill., for petitioner.

Robert Crain and Murphey & Crain, all of Centralia, Ill., for trustee.

LINDLEY, District Judge.

The assets involved consist of various parts of a pipe line system located in the active oil fields of Illinois. The bankrupt secured possession of the part mortgaged on February 6, 1940, when it is claimed it became the owner, subject to the mortgage hereinafter mentioned, and remained in possession thereof continuously until it made an assignment for the benefit of its creditors, whereupon the property came into possession and custody of the assignee. Following the assignment, the Manley Corporation, claiming to hold a real estate mortgage upon the property, filed suit in the state court to foreclose its security, asking for a receiver. The court announced that it would appoint a receiver but, before that officer qualified as directed by the order, an involuntary petition in bankruptcy was filed in this court and a receiver in bankruptcy appointed and qualified, who immediately received possession of the res. In due course a trustee in bankruptcy was designated and qualified and is now acting as such. Thus the continuous custody and possession of the property have been, first, in the bankrupt, then, in the assignee, then, in the receiver in bankruptcy and finally in the trustee in bankruptcy.

This court, having possession and custody of the res, issued an injunction temporarily restraining the foreclosure suit. The mortgagee then came into court with a motion to dissolve the injunction and for leave to proceed with the foreclosure. The Referee concluded that he should not interfere and that the suit in the state court should proceed. The trustee attacks the validity of this order.

The Referee found that there was no clear showing as to the value of the property or that the property said to be subject to the mortgage was burdensome to the estate. The evidence as to value varies from $10,000 to $75,000. The amount of the mortgage is approximately $60,000. The evidence shows without dispute that the property involved, which formerly belonged to the mortgagee, has been commingled with other pipe lines of the bankrupt; that large sections of the line have been removed and replaced elsewhere; that it is impossible to identify the original property sold by Manley and now mortgaged to it. The relative portions of the property purchased from Man-

ley and mortgaged to it and the remainder of the estate, which belongs to the general creditors, are not clearly shown. Apparently the mortgage covers between 80 and 90 per cent of the estate and the balance of the line belonging to general creditors aggregates from 10 to 20 per cent. There is no practical method indicated in the record by which the respective portions of the estate can be segregated so that they can be sold separately. Rather the evidence indicates that the entire estate, if it has value other than as salvage, must be sold as a single entity, one pipe line system, and that to attempt to segregate the respective portions and to make a division between the property covered by the mortgage and that not covered by it, is impossible from a practical point of view.

These facts become material because the chief issue between the parties is as to whether the state court, by the foreclosure suit instituted prior to bankruptcy, in which a receiver was appointed but which never actually acquired custody of the estate, shall be allowed to proceed as against the trustee in bankruptcy, whose duty it is to conserve and protect the interest of all creditors, general and secured. In addition the trustee questions the validity of the mortgage under the Illinois statutes. The parties have not submitted evidence sufficient to justify any attempt to adjudicate this issue. It is the trustee's position that, inasmuch as the property in due course followed in an uninterrupted stream of custody and possession of the bankrupt, its assignee, receiver and trustee; inasmuch as the state court never obtained actual possession and custody of the res, inasmuch as it is impossible to identify the property covered by the mortgage and unless the estate is sold as a whole, only salvage valuation will be received and inasmuch as no harm can accrue to the mortgagee but only benefit, as the time for redemption under the Illinois statute, 15 months, would be wiped out, it follows that the jurisdiction of this court is not only within the discretion of the court but mandatory.

 It is a salutary rule of comity that when courts of concurrent jurisdiction conflict, that which first obtains jurisdiction of the res shall prevail. It is equally true that when federal bankruptcy questions are involved the bankruptcy court becomes the court of paramount and exclusive jurisdiction. Section 2, paragraph 21, of the present Act of bankruptcy, as amended in 1938, 11 U.S.C.A. § 11(21), endows the court with power to "require receivers or trustees appointed in proceedings not under this Act [title], assignees for the benefit of creditors, and agents authorized to take possession of or to liquidate a person's property to deliver the property in their possession or under their control to the receiver or trustee appointed under this Act [title]." Here the receiver in the state court had not qualified; possession had not gone into his hands. Consequently there is no question of adverse possession and it seems clear under the present terms of the act that the receiver and the property upon which the mortgagee claims a lien is subject to the summary jurisdiction of the bankruptcy court. It is its duty and obligation, as a court of bankruptcy, to take jurisdiction of the estate and so administer it that the remedial functions of bankruptcy legislation may be achieved. Amongst these are the marshaling and liquidation of assets and equitable division thereof amongst the creditors according to their respective priorities. The law regarding actions to enforce liens in courts other than that in bankruptcy prior to the present amendment, and concerning the paramount and exclusive character of the latter court, is rather fully stated by the Supreme Court in Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 271, 75 L.Ed. 645, thus: "Upon adjudication, title to the bankrupt's property vests in the trustee with actual or constructive possession, and is placed in the custody of the bankruptcy court. Mueller v. Nugent, 184 U.S. 1, 14, 22 S.Ct. 269, 46 L.Ed. 405. The title and right to possession of all property owned and possessed by the bankrupt vests in the trustee as of the date of the filing of the petition in bankruptcy, no matter whether situated within or without the district in which the court sits. Robertson v. Howard, 229 U.S. 254, 259, 260, 33 S.Ct. 854, 57 L.Ed. 1174; Wells & Co. v. Sharp (C.C.A.) 208 F. 393; Galbraith v. Robson-Hilliard Grocery Co. (C.C.A.) 216 F. 842. It follows that the bankruptcy court has exclusive jurisdiction to deal with the property of the bankrupt estate. It may order a sale of real estate lying outside the district. Robertson v. Howard, supra; In re Wilka (D.C.) 131 F. 1004. When this jurisdiction has attached, the court's possession cannot be affected

236

by actions brought in other courts. White v. Schloerb, 178 U.S. 542, 20 S.Ct. 1007, 44 L.Ed. 1183; Murphy v. Hofman Co., 211 U.S. 562, 29 S.Ct. 154, 53 L.Ed. 327; Dayton v. Stanard, 241 U.S. 588, 36 S.Ct. 695, 60 L.Ed. 1190. * * * Thus, while valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved, it is solely within the power of a court of bankruptcy to ascertain their validity and amount and to decree the method of their liquidation. [Ex parte] City Bank of New Orleans, 3 How. 292, 11 L.Ed. 603; Houston v. City Bank of New Orleans, 6 How. 486, 12 L. Ed. 526; Ray v. Norseworthy, 23 Wall. 128, 23 L.Ed. 116; In re Wilka, supra; Nisbet v. Federal Title & T. Co. (C.C.A.) 229 F. 644."

■ If there is no question as to the validity of a mortgage, its foreclosure, if instituted prior to bankruptcy, is frequently permitted to proceed; likewise if property is burdensome for the trustee and no equity exists for the general creditors, the mortgagee should be allowed to proceed wherever it desires. But there are involved in this controversy additional features which necessitate the exercise of paramount bankruptcy jurisdiction. Under the proof, unless this property is sold as a whole, both the mortgagee and the general creditors will be injured and damaged; the property will sell only as salvage. The value of the estate as a whole, whatever it may be, can be realized only by administration and sale of the estate as a unit. As the court said In re Union Trust Co., 1 Cir., 122 F. 937, at page 939: "It is very apparent that the court in bankruptcy might reasonably foresee that there would not only be difficulties in separating the property, as we have already described, but also serious legal problems in various directions, which, unless the property was sold by summary process, might postpone its disposition for a very considerable length of time." See also In re Miller, 7 Cir., 95 F.2d 441; In re Park Beach Hotel Bldg. Corp., 7 Cir., 96 F.2d 886. Where a state foreclosure suit was pending and a receiver had been appointed more than four months prior to the commencement of the bankruptcy suit but it appeared essential in order to promote the remedies of bankruptcy that the federal court exercise jurisdiction over questions arising prior to bankruptcy in the foreclosure suit the Supreme Court said in Taylor v. Sternberg, 293 U.S. 470, 472, 55 S.Ct. 260, 262, 79 L.Ed. 599:

"In the present case, with the supervening bankruptcy, the possession of the state court came to an end, and that of the bankruptcy court immediately attached. This result was binding upon the state court and equally binding upon the receiver as custodian for that court. Before the petition in bankruptcy was filed, the receiver's compensation as well as that of his counsel were matters wholly within the control of the state court. Stuart v. Boulware, supra, 133 U.S. [78], at pp. 81, 82, 10 S.Ct. 242 [33 L.Ed. 568]; High on Receivers (4th Ed.) § 781. But with the filing of the petition in bankruptcy, the power of the state court in that respect ceased; and its order fixing the compensation of the receiver and his counsel was a nullity because made without jurisdiction, such jurisdiction then having passed to the bankruptcy court. Gross v. Irving Trust Co., supra [289 U.S. 342, 53 S. Ct. 605, 77 L.Ed. 1243, 90 A.L.R. 1215].

"Since the order of the state court was the sole foundation for their claims and that was void, petitioners had no more right to the sums subtracted or to be subtracted from the estate than they had to the remainder of the estate. That estate, including such sums, was still in custodia legis—only the possession had passed automatically from the state court to the bankruptcy court. Thereafter, the estate in its entirety was held by the receiver as a mere repository for the bankruptcy court and therefore not adversely; and petitioners, in respect of that part of it erroneously awarded as compensation, were in no sense adverse claimants. Their claims were colorable only and subject to the summary power of the bankruptcy court. In re Watts, 190 U.S. 1, 27, 23 S.Ct. 718, 47 L.Ed. 933; In re Diamond's Estate, supra [6 Cir.], 259 F. [70], at page 74; Moore v. Scott, [9 Cir.], 55 F. (2d) 863; Bank of Andrews v. Gudger [4 Cir.], 212 F. 49; In re Crosby Stores, Inc. [3 Cir.], 61 F. (2d) 812, 814."

■ It appears further that the mortgagee can not be injured. This court is bound to recognize valid liens and any and all questions as to validity may be determined as adequately in this court as elsewhere. Indeed the mortgagee's interest will be promoted, for, upon order of sale free and clear of liens, the title of the purchaser will be free of any right of

redemption, whereas in the state court title can not be perfected until the end of 15 months allowed for redemption. Such features deter adequate bidding.

 These and other circumstances appearing in the record are convincing that this is not a situation where the bankruptcy court should surrender jurisdiction of the res now in its possession but rather one in which the court is obligated, in the discharge of its constitutional functions under the bankruptcy provision of the constitution, to administer the insolvent estate, due regard being had to the secured creditors and protection of their interests. The order of the Referee will be vacated and set aside and the Referee will proceed with the administration of the estate in due course under the Act.