**In re MAINE STATE RACEWAYS.**
**Bankr. No. 23,467 (Inv.).**

United States District Court,
D. Maine, S. D.

Oct. 1, 1953.

See also 97 F.Supp. 1016, 105 F.Supp. 620.

C. Keefe Hurley, Boston, Mass., for petitioners.

Mayo S. Levenson, Wilfred A. Hay, Portland, Maine, for alleged bankrupt.

CLIFFORD, District Judge.

This action comes before this Court on the petition of Joseph R. Cianchette et als., creditors and/or stockholders of Maine State Raceways, for review of an order of the Referee in Bankruptcy denying certain prayers contained in a petition filed by them and heard by the Referee on January 28, 1953.

Briefly, the agreed facts and history of the instant case are as follows: Two mortgages, known as the Goldfine mortgages, were placed on the real property of Maine State Raceways located at Scarborough, Maine. This property is a racing plant known as Scarborough Downs, and was formerly operated by the alleged bankrupt. The first mortgage, dated May 23, 1950, was in the sum of $350,000. The second, dated June 20, 1950, was in the sum of $60,000.

On October 9, 1950, these mortgages were assigned to a newly organized corporation, The Scarborough Holding Company, Inc. Shortly thereafter the assignee initiated foreclosure proceedings by publication. Publication, in accordance with state law, was first made on October 20, 1950, and possession of the mortgaged property was taken by the mortgagee on November 27, 1950. A certificate of Notice of Forelosure was duly recorded on December 3, 1950.

Within three months after the institution of the foreclosure proceedings, namely, on January 3, 1951, an involuntary petition in Bankruptcy was filed against Maine State Raceways. This petition was contested.

On October 1, 1951, Maine State Raceways initiated corporate reorganization proceedings under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The aforementioned involuntary bankruptcy case was then pending without an adjudication. The period of redemption of the Goldfine mortgages would have expired in nineteen or twenty days. In compliance with the provisions of Chapter X of the Bankruptcy Act, a restraining order was entered on October 1, 1951 by this Court, affecting these two mortgages, among others.

Many protracted hearings were thereafter held relative to matters concerning these reorganization proceedings. On September 11, 1952, this Court indicated in open Court that the Chapter X proceedings would be dismissed. All parties

to those proceedings were present in Court and in accord with this proposal.

On January 16, 1953, a petition was filed by the petitioners herein praying that the order or orders restraining and staying all foreclosures of mortgages on property of Maine State Raceways be continued in force.

On this same date this Court dismissed the Chapter X proceedings, denied the prayers in the aforementioned petition, and ordered that the restraining order entered on October 1, 1951, be vacated and that the pending bankruptcy proceedings be proceeded with.

On January 23, 1953, a petition was filed in the bankruptcy proceedings by the petitioners herein and referred to Referee William Hession for hearing and action thereon. The petitioners prayed:

1. That all mortgagees, lienors and all others asserting any rights whatsoever against Maine State Raceways be enjoined, restrained and stayed from continuing any foreclosure proceedings instituted by them, and from bringing any further action in connection with their mortgages, liens and claims until after such period of time following the election of the Trustee in the Bankruptcy Proceedings as would give the Trustee a reasonable opportunity to determine whether it is in the interest of the Bankrupt Estate to prosecute any cause of action as set forth above or to disclaim all rights to prosecute such actions and claims, and it is suggested that a period of sixty (60) days after the appointment of any Trustee in Bankruptcy be found to be a reasonable period of time.

2. In the alternative, that the Court forthwith enter an order disclaiming the right on the part of the Bankrupt Estate to any of the causes of action set forth in said Petition and authorizing any parties in interest to institute whatever proceedings they may see fit in any appropriate court having jurisdiction with respect to said cause of action.

At the hearing on said petition it was agreed by the petitioners that this petition for a restraining order was limited to the foreclosure proceedings on the two mortgages on the property of said Maine State Raceways.

No challenge was made by any of the parties in the instant case that the steps taken in the foreclosure proceedings were not in accordance with the law of the State of Maine. It was also agreed by them that the period of redemption allowed to the mortgagor would expire within one year after the first publication of the notice of foreclosure which, as stated before, was on October 20, 1950.

After a hearing on the petition on January 28, 1953, the Referee denied the first prayer on the ground that the property under consideration, against which foreclosure proceedings were brought, was not in the possession or custody, constructive or otherwise, of this Court, and further it was not in custody of this Court at the time of the filing of the original petition in bankruptcy. Therefore, the Referee held that this Court lacked the power to issue a restraining order affecting the said property.

With reference to the second prayer, the Referee concluded that the relief prayed for was premature because Maine State Raceways had not as yet been adjudged a bankrupt; that no receiver in bankruptcy had been appointed; that since there had not been an adjudication, no trustee had or could be appointed; and that therefore there was no proper officer of the Court who could properly make an examination and investigation to determine what rights, if any, were vested in the estate and also to determine what action should be taken thereon.

The petition for review, presently before this Court, was filed on January 31, 1953, alleging that the order of the Referee was erroneous for the following reasons:

a. It is contrary to the law;

b. It denies the petitioners of their property without due process of law;

c. All of the circumstances of the case warrant the granting of equitable relief to the petitioners.

A brief hearing was had on this petition on July 16, 1953. Counsel for the petitioners submitted in writing three citations without comment: Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599; In re Canyon Pipe Line Co., D.C., 39 F.Supp. 233; and Miller v. Klein, 7 Cir., 95 F.2d 441.

The status of the case at this time is exactly as it was when heard by the Referee with the exception that the period of redemption expired within approximately one week after the date of the hearing and decision of the Referee. This Court, therefore, could very well rule that the question before it is moot. The matter, however, will be decided on its merits.

█ It is a well established principle of law under circumstances that exist herein that the bankruptcy courts refuse to enjoin enforcement proceedings, brought prior to the filing of the bankruptcy petition, to enforce valid liens which are more than four months old at the date of bankruptcy. Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060.

Although the Straton case related to a lien obtained through legal proceedings, the facts were such that the court cited with approval the many cases relating to liens created by non-procedural means such as that of a mortgage. Collier on Bankruptcy, Vol. 1, 14th Ed., p. 298. The Court in the Straton case, citing cases applicable to this proceeding, said:

"On similar grounds the bankruptcy courts refuse to enjoin the prosecution of foreclosure proceedings under a mortgage, the lien of which is preserved in bankruptcy, if initiated prior to the date of the petition." Straton v. New, 283 U.S. 318, 326, 51 S.Ct. 465, 468.

█ In the instant case, the mortgagee initiated foreclosure proceedings by publication, being a well recognized and customarily employed method of foreclosure in the State of Maine. As stated before, the petitioners did not question that all of the necessary steps and formalities of this method had been strictly complied with by the mortgagee.

And on December 3, 1950, or a month before the filing of the involuntary bankruptcy petition, the foreclosure proceedings by publication had been completed and the mortgagee had both the legal and equitable title to the property in controversy, subject to the right of redemption in the mortgagor.

Notwithstanding these facts, the petitioners cited In re Canyon Pipe Line Co., D.C., 39 F.Supp. 233, 236, in support of their contention that this Court has jurisdiction of the property in controversy. This cited case appears to be contrary to the weight of authority that the mere institution of foreclosure proceedings prior to the filing of the bankruptcy petition is sufficient to prevent the custody of the mortgaged property from passing to the bankruptcy court. Collier on Bankruptcy, Vol. 1, 14th Ed., p. 301. In any event, it is the opinion of this Court that the Pipe Line case, as well as the other two cases cited by the petitioners, is not applicable to the facts of the instant case. The Court in that case stated:

"If there is no question as to the validity of a mortgage, its foreclosure, if instituted prior to bankruptcy, is frequently permitted to proceed; likewise if property is burdensome for the trustee and no equity exists for the general creditors, the mortgagee should be allowed to proceed wherever it desires. But there are involved in this controversy additional features which necessitate the exercise of paramount bankruptcy jurisdiction."

These additional features which controlled therein are lacking in the case at bar. This element, in itself, sufficiently distinguishes the cited case from this case now under consideration and no further discussion need be had on other aspects of it.

Therefore, in view of the facts and circumstances of the case at bar and the principles stated herein, this Court is of the opinion that it lacks the power to issue a restraining order affecting the said property or take any other action in

regard thereto as prayed for by the petitioners.

It is therefore, ordered, adjudged and decreed that the order of the Referee in Bankruptcy denying the prayer for a restraining order and the prayer for a disclaimer by the bankruptcy estate to the causes of action set forth in the petition of the petitioners herein, be and hereby is

Affirmed.