**In the Matter of Gordon Lord BOWDEN and Marlene D. Bowden, Bankrupts.**

**Nos. BK-66-248, BK-66-249.**

United States District Court
D. Maine, N. D.
Oct. 16, 1967.

**730**

James S. Lynch, Bangor, Me., for bankrupts.

Errol K. Paine, Bangor, Me., trustee, pro se.

John E. McKay, Bangor, Me., for petitioner.

## OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

Banks Auto Supply Co., Inc. petitions for review of an order of the referee in bankruptcy ordering the sale of certain real estate free and clear of liens and the transfer of all valid liens, including that of a mortgage held by petitioner, to the proceeds of the sale.

The case is submitted on an agreed statement of facts. The bankrupts are a husband and wife who filed simultaneous voluntary petitions in bankruptcy on August 3, 1966. On September 3, 1965, the bankrupts had mortgaged real estate located in Lucerne-in-Maine to petitioner. The parties have stipulated that the mortgage deed was in proper form and duly recorded. After the bankrupts defaulted in their payments, the mortgagee commenced foreclosure proceedings by publication, without taking possession, in accordance with 14 M.R. S.A. § 6203 (1964), as amended (Supp. 1966).[1] The notice of foreclosure was dated May 11, 1966, and the required three successive weekly publications took place on May 18, May 25 and June 1, 1966. The notice of foreclosure and the evidence of publication were recorded in the appropriate registry of deeds on June 2, 1966. It is also stipulated that the mortgagee has at no time, before or after foreclosure, taken actual possession of the premises, and that the one-year period of redemption provided by Maine law had not expired prior to bankruptcy. 14 M.R.S.A. § 6204 (1964).

On December 17, 1966, the trustee in bankruptcy applied to the bankruptcy court for an order that the mortgaged property be sold free and clear of liens for the sum of $3500 and that all valid liens be transferred to the proceeds of the sale. It is stipulated that the proposed sale price substantially exceeded the balance owed the mortgagee. At the hearing before the referee, the mortgagee appeared specially to object to the summary jurisdiction of the bankruptcy court to order the sale of the real estate free and clear of the mortgage lien, because foreclosure proceedings had been instituted prior to bankruptcy. In an

---

1. 14 M.R.S.A. § 6203 provides in part:
"If, after breach of the condition, the mortgagee or any person, claiming under him is not desirous of taking and holding possession of the premises, he may proceed for the purpose of foreclosure in either of the following modes:
1. Public notice. He may give public notice in a newspaper having its principal place of business in the county where the premises are situated, if any, or if not, in the state paper, 3 weeks successively, of his claim by mortgage on such real estate, describing the premises intelligibly and naming the date of the mortgage and that the condition in it is broken, by reason whereof he claims a foreclosure; and cause a copy of such printed notice, and the name and date of the newspaper in which it was last published, to be recorded in each registry in which the mortgage deed is or by law ought to be recorded, within 30 days after such last publication. * * * *"
Although this method of foreclosure does not seem to be common elsewhere, it is used routinely in Maine.

exhaustive and carefully reasoned opinion the referee concluded that the bankruptcy court did have summary jurisdiction over the property and ordered that it be sold free and clear of liens in accordance with the application of the trustee. The present petition for review of this order presents the single question of whether the bankruptcy court has summary jurisdiction to order the sale of mortgaged property of the bankrupt, where non-judicial foreclosure proceedings have been commenced by publication, without a taking of possession, prior to the date of bankruptcy.

■ Under ordinary circumstances the bankruptcy court has summary jurisdiction over all property which is found in the possession of the bankrupt at the time of the filing of the petition in bankruptcy, whether or not the bankrupt in fact has clear legal title to the property. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940); Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 737, 51 S.Ct. 270, 75 L.Ed. 645 (1931); 2 Collier on Bankruptcy, paras. 23.04[2], 23.05 (14th ed. 1966).[2] Petitioner does not dispute this proposition. Petitioner, however, urges that the institution of foreclosure proceedings by publication prior to the filing of the petitions in bankruptcy prevented the bankruptcy court from acquiring jurisdiction of the mortgaged realty, so that the referee was without power to order a sale of the property free and clear of the lien of the mortgage. In support of this contention petitioner relies on Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060 (1931) and In re Maine State Raceways, 115 F.Supp. 263 (D.Me.1953).

In Straton v. New, the Supreme Court held that, where more than four months prior to the filing of the petition in bankruptcy a judgment creditor holding a lien on the bankrupt's real estate which was preserved in bankruptcy had instituted a creditor's suit in the state court to enforce the judgment lien, the bankruptcy court was without jurisdiction to enjoin the prosecution of the state court action. The Court observed that:

> the federal courts have with practical unanimity held that where a judgment which constitutes a lien on the debtor's real estate is recovered more than four months prior to the filing of the petition, the bankruptcy court is without jurisdiction to enjoin the prosecution of the creditor's action, instituted prior to the filing of a petition in bankruptcy, to bring about a judicial sale of the real estate.

283 U.S. at 326, 51 S.Ct. at 468. The basis of the decision in Straton v. New was the principle of comity, that, as between two courts having concurrent jurisdiction of the *res*, the court first lawfully taking jurisdiction is entitled to retain it. Town of Agawam v. Connors, 159 F.2d 360, 363 (1st Cir.), cert denied, 330 U.S. 845, 67 S.Ct. 1086, 91 L.Ed. 1290 (1947); In re Greenlie-Halliday Co., 57 F.2d 173, 174 (2d Cir. 1932); Bryan v. Speakman, 53 F.2d 463, 465 (5th Cir. 1931), cert. denied, 285 U.S. 539, 52 S.Ct. 312, 76 L.Ed. 932 (1932). Straton v. New is merely another application of the

> well-recognized rule that when a court of competent jurisdiction takes possession of property through its officers, this withdraws the property from the jurisdiction of all other courts which, though of concurrent jurisdiction, may not disturb that possession; and that the court originally acquiring jurisdiction is competent to hear and determine all questions respecting title, possession, and control of the property.

Isaacs v. Hobbs Tie & Timber Co., supra 282 U.S. at 737–738, 51 S.Ct. at 272.

---

2. As the Supreme Court stated in Thompson v. Magnolia Petroleum Co., supra 309 U.S. at 481, 60 S.Ct. at 630:
   Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. And the test of this jurisdiction is not title in but possession by the bankrupt at the time of the filing of the petition in bankruptcy.

Applying this rule, the Supreme Court in Isaacs v. Hobbs Tie & Timber Co., supra, held that when the jurisdiction of the bankruptcy court has attached to property of the bankrupt, that jurisdiction cannot be affected by subsequent actions commenced as to that property in any other court. See generally, 1 Collier on Bankruptcy, para. 2.62[1]. Similarly, in Straton v. New the Court held that where a state court has first assumed jurisdiction of the bankrupt's property, the bankruptcy court will not be permitted to interfere. See generally, 1 Collier on Bankruptcy, para. 2.63[1].

■ The foregoing analysis makes it clear that the rule of Straton v. New applies only where a state *judicial* proceeding to enforce a valid lien upon property of the bankrupt has been commenced prior to bankruptcy. In the present case foreclosure was commenced by publication without the institution of any legal proceeding in the courts of the State of Maine. Hence there is no question of comity as between the bankruptcy court and a state court. Cf. 1 Collier on Bankruptcy, para. 2.63[2]. The doctrine of Straton v. New has no application to this case. Accord, Allebach v. Thomas, 16 F.2d 853 (4th Cir. 1927), cert. denied, 274 U.S. 744, 47 S.Ct. 590, 71 L.Ed. 1325 (1927); In re Hurlock, 23 F.2d 500 (D. Md. 1928).[3]

Petitioner has also cited a decision of this Court, In re Maine State Raceways, supra, as controlling on the facts of the present case. In that case the bankrupt mortgaged certain real estate on May 23 and June 20, 1950, foreclosure by publication was commenced on October 20, 1950, and an involuntary bankruptcy petition was filed against the mortgagor on January 3, 1951. However, on November 27, 1950, prior to the filing of the bankruptcy petition, the mortgagee took actual possession of the premises. Judge Clifford's decision, refusing to enjoin the continuation of the foreclosure proceedings, can be supported by the fact that "the property under consideration, against which foreclosure proceedings were brought, was not in the possession or custody, constructive or otherwise, of this Court, and further it was not in custody of this Court at the time of the filing of the original petition in bankruptcy." 115 F.Supp. at 265. In re Maine State Raceways is distinguishable from the present case, since in this case it is conceded that the bankrupts were in possession of the mortgaged premises at the time of the filing of the petitions in bankruptcy.

■ For the foregoing reasons, the referee was correct in his conclusion that, since the real estate subject to the foreclosure proceedings was in possession of the bankrupts at the time of the filing of the petitions in bankruptcy, and since no other court had assumed jurisdiction over the property, the jurisdiction of the bankruptcy court was complete and exclusive. The order of the referee is therefore affirmed.

It is so ordered.

---

3. In support of its position that Straton v. New is controlling in the present case, petitioner points to the fact that the Court in Straton cited with approval a number of cases involving mortgage foreclosure proceedings begun prior to bankruptcy, stating, "On similar grounds the bankruptcy courts refuse to enjoin the prosecution of foreclosure proceedings under a mortgage, the lien of which is preserved in bankruptcy, if initiated prior to the date of the petition." 383 U.S. at 326, n. 6, 51 S.Ct. at 468. However, an examination of the cases cited by the Court in support of this statement discloses that in those cases denying jurisdiction of the bankruptcy court, either the mortgagee had instituted a *judicial* foreclosure proceeding in the state court prior to bankruptcy or the court found as a fact that the mortgagor was not in possession of the mortgaged property at the date of bankrupty. It is apparent that in the quoted statement the Supreme Court was not addressing itself to the question before this Court in the present case.