## TAYLOR *v.* STERNBERG, TRUSTEE IN BANKRUPTCY.[1]

No. 261. Argued December 14, 1934.—Decided January 7, 1935.

---

[1] Together with No. 262, *Duty* v. *Sternberg, Trustee in Bankruptcy*, certiorari to the Circuit Court of Appeals for the Eighth Circuit.

*Mr. W. N. Ivie* submitted for petitioners.

*Mr. Clinton R. Barry* for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

These cases, depending upon the same facts, present the same question. On January 10, 1931, in an insolvency proceeding, Taylor was appointed by a state chancery court in Arkansas receiver of the Parks Dry Goods Company, and Duty as his attorney. On February 11th, a month later, a petition in bankruptcy against the corporation was filed in the federal district court having jurisdiction. Two days later, the corporation was adjudicated a bankrupt. On the same day, the chancery court allowed Taylor compensation as receiver in the sum of $1500, and Duty compensation as attorney in the sum of $500. The receiver turned over the estate to the trustee with the exception of these sums, which petitioners refused to deliver. The trustee applied for a summary order upon petitioners, directing them to turn over to him the sums thus withheld. The referee granted the trustee's application, which the district court, sitting in bankruptcy, affirmed; and this, in turn, was affirmed upon appeal by the circuit court of appeals. 71 F. (2d) 157. Upon these facts, the question presented is whether the bankruptcy court had authority to compel the turn-over by summary proceeding and order, or whether petitioners

were adverse claimants so that a plenary action was required.

Upon adjudication in bankruptcy, all the property of the bankrupt vests in the trustee as of the date of the filing of the petition. Upon such filing, the jurisdiction of the bankruptcy court becomes paramount and exclusive; and thereafter that court's possession and control of the estate cannot be affected by proceedings in other courts, whether state or federal. *Gross* v. *Irving Trust Co.*, 289 U. S. 342, 344; *Acme Harvester Co.* v. *Beekman Lumber Co.*, 222 U. S. 300, 307; *In re Diamond's Estate*, 259 Fed. 70, 73. This applies while the possession is constructive as well as when it becomes actual. *Mueller* v. *Nugent*, 184 U. S. 1, 14; *Taubel-Scott-Kitzmiller Co.* v. *Fox*, 264 U. S. 426, 432–433; *Orinoco Iron Co.* v. *Metzel*, 230 Fed. 40, 44–45, and cases cited.

The status of a receiver is unlike, for example, that of an assignee for the benefit of creditors. The receiver is an officer of the court which appoints him. *Stuart* v. *Boulware*, 133 U. S. 78, 81. The property in his hands is not, in a legal sense, in his possession. It is in the possession of the court, whose appointee he is, by him as its officer. *Thompson* v. *Phenix Ins. Co.*, 136 U. S. 287, 297; *Fosdick* v. *Schall*, 99 U. S. 235, 251. In the present case, with the supervening bankruptcy, the possession of the state court came to an end, and that of the bankruptcy court immediately attached. This result was binding upon the state court and equally binding upon the receiver as custodian for that court. Before the petition in bankruptcy was filed, the receiver's compensation as well as that of his counsel were matters wholly within the control of the state court. *Stuart* v. *Boulware, supra*, at pp. 81–82; High on Receivers, 4th ed., § 781. But with the

filing of the petition in bankruptcy, the power of the state court in that respect ceased; and its order fixing the compensation of the receiver and his counsel was a nullity because made without jurisdiction, such jurisdiction then having passed to the bankruptcy court. *Gross* v. *Irving Trust Co., supra.*

Since the order of the state court was the sole foundation for their claims and that was void, petitioners had no more right to the sums subtracted or to be subtracted from the estate than they had to the remainder of the estate. That estate, including such sums, was still *in custodia legis*—only the possession had passed automatically from the state court to the bankruptcy court. Thereafter, the estate in its entirety was held by the receiver as a mere repository for the bankruptcy court and, therefore, not adversely; and petitioners, in respect of that part of it erroneously awarded as compensation, were in no sense adverse claimants. Their claims were colorable only and subject to the summary power of the bankruptcy court. *In re Watts,* 190 U. S. 1, 27; *In re Diamond's Estate, supra,* at p. 74; *Moore* v. *Scott,* 55 F. (2d) 863; *Bank of Andrews* v. *Gudger,* 212 Fed. 49; *In re Crosby Stores, Inc.,* 61 F. (2d) 812, 814.

Cases dealing with assignments, like *Louisville Trust Co.* v. *Comingor,* 184 U. S. 18, cited by petitioners, in no way militate against this conclusion. The situation presented in each of those cases substantially differs from that presented here. See *May* v. *Henderson,* 268 U. S. 111, 115–6; *In re Louis Neuburger, Inc.,* 233 Fed. 701, aff'd 240 Fed. 947. Moreover, the status of a receiver and that of an assignee, as already sufficiently appears, is essentially different.

*Judgment affirmed.*