**In re LOFTUS.**

No. 24306.

District Court, W. D. New York.

Oct. 13, 1936.

Knapp & Henry, of Canandaigua, N. Y., for receiver.

Lyman B. Lewis, of Geneva, N. Y., for trustee.

RIPPEY, District Judge.

On November 17, 1931, judgment was docketed in the docket of the justice of the peace of the town of Hamilton, Madison county, N. Y., for $150.15, damages and costs, in favor of Bert A. Roe and against Willis Loftus. Transcript was filed in the Madison county clerk's office on December 12, 1935. On December 16, 1935, an order to examine the judgment debtor was duly issued in proceedings supplementary to execution. The judgment debtor was examined, and thereafter and on December 30, 1935, Lucille Talcott was duly appointed receiver therein by the county court of Madison county. The receiver filed her

bond on December 31, 1935, qualified as receiver, entered upon the discharge of her duties, and is still acting as such. In the order of her appointment, she was directed by the Madison county court to make payment of the sum of $55 from funds of the debtor coming into her hands, and she also paid the premium of $10 for her bond. She subsequently accounted to the county court of Madison county for receipts of $529.29, and for receiver's disbursements on the above-authorized matters of $64.94, leaving a balance of $464.29 in her hands as receiver, which she voluntarily paid to the trustee in bankruptcy of Loftus on February 17, 1936. Willis Loftus was adjudicated bankrupt on January 2, 1936, and his trustee was thereupon appointed and qualified.

The referee in bankruptcy ordered the state court receiver to account in bankruptcy court, and thereafter she was ordered, on June 26, 1936, to pay over to the trustee the sum of $65. She had claimed credit for $64.94 only. That order, which is the subject of review here, was based on the finding that the judgment was docketed in Madison county clerk's office under the name of "William Loftus," whereas the judgment was taken in an action against "Willis Loftus" and proceedings supplementary to execution had been against "William Loftus," who was not in court. Therefore, the referee held, the proceedings in the state court in which the appointment of the receiver was made were void. The order appointing the receiver named "Willis Loftus" as the judgment debtor.

It appeared that the judgment had been correctly entered in the docket of the justice of the peace against "Willis Loftus," but the transcript erroneously contained the name "William" instead of "Willis," and the judgment was docketed on the transcript under the incorrect name "William." Only one judgment appeared in Roe v. Loftus in the justice court as of November 17, 1931. Willis Loftus, the bankrupt, was duly served with the order in supplementary proceedings, appeared, and was examined without raising any objection. Submission to examination in supplementary proceedings without objection to the irregularity in the docketing of the judgment bars Loftus and his trustee in bankruptcy from subsequently raising any objection to the irregularity. Mennen Chemical Co. v. Dressner, 53 Misc. 370, 104 N.Y.S. 749.

The evidence clearly establishes that the supplementary proceedings were instituted upon a valid judgment against the judgment debtor, who subsequently was adjudicated bankrupt, and that the state court acquired jurisdiction of the parties and the subject-matter and was authorized to appoint the receiver.

The Bankruptcy Act does not make the appointment of a receiver in supplementary proceedings an act of bankruptcy (11 U.S.C.A. § 21). The receiver was not appointed on the theory that the debtor was insolvent. The receiver was appointed under statutory authority (N.Y.Civil Practice Act, § 805) for the purpose of taking title to sufficient property of the debtor to satisfy the claim of the creditor in the action in which he was appointed. That action was not a general creditors' action, nor were creditors required or authorized to intervene, nor was administration of the estate of the debtor on the basis of his insolvency sought or permissible. The case is entirely unlike In re Moore et al. (D.C.) 42 F.(2d) 475, 16 A.B.R.(N.S.) 174, Miller v. Potts (C.C.A.) 26 F.(2d) 851, 12 A.B.R.(N.S.) 367, and In re Diamond's Estate (C.C.A.) 259 F. 70, 44 A.B.R. 268, relied on by the referee. In the case at bar, the state court having jurisdiction made its allowances of costs of the proceeding prior to the intervention of bankruptcy, and the receiver made the disbursements prior to notice and prior to the appointment of the trustee on January 31, 1936, and the expense of premium on the receiver's bond was also disbursed before any notice of the bankruptcy was received by the receiver. The case of Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599, is not in point. Cash being available, undoubtedly payments for the purposes mentioned will be protected, in the absence, at least, of a proper proceeding under section 64 of the Bankruptcy Act, as amended (11 U.S.C.A. § 104) to test the reasonableness of the payments. This is not such a proceeding. There is no evidence of any intervention in the state court by the trustee in bankruptcy. It was the duty of the state court to proceed as between the parties before it until, by some formal pleading in the case, it was informed of the proceedings in the bankruptcy court. Eyster v. Gaff et al., 91 U.S. 521, 23 L.Ed. 403; Louisville Trust Co. v. Cominger, 184 U.S. 18, 22 S.Ct. 293, 46 L.Ed. 413. As to all moneys coming into the receiver's hands other than the

aforementioned two items, there is no question before the court.

The findings of fact and conclusions of law made by the referee, in so far as they are inconsistent with the above, are overruled; questions A, B, and C must be answered in the negative, and question D in the affirmative. The order of the referee must be reversed.

So ordered, and the proceeding · dismissed, with costs and allowance to the petitioner to be fixed by the referee, payable out of the estate.