## WILCONS v. PENN MUT. LIFE INS. CO. et al.
### No. 1448.

Circuit Court of Appeals, Tenth Circuit.
July 6, 1937.

William Keith, Chas. G. Yankey, Harvey C. Osborne, John G. Sears, Jr., and Verne M. Laing, all of Wichita, Kan., for appellant.

Dean McElhenny, and Philip C. Gault, both of Topeka, Kan. (Frank P. Barker, of Kansas City, Mo., McElhenny & Gault, of Topeka, Kan., and Winger, Reeder,

418

Barker & Hazard, of Kansas City, Mo., of counsel), for appellees.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

Appellant, a farmer residing upon and conducting farming operations on a 400-acre farm in Sedgwick County, Kansas, filed his petition and schedules on January 13, 1936, under section 75 of the Bankruptcy Act, as amended (11 U.S.C.A. § 203). He named The Penn Mutual Life Insurance Company of Philadelphia and The Equitable Life Assurance Society of New York City in his schedules as his only secured creditors, holding mortgages on his entire farm, one covering 240 acres and the other 160 acres. His schedules disclosed that each mortgage had been foreclosed in the Sedgwick County District Court; that each tract had been sold by the sheriff to the mortgagee, in the Penn Mutual case on April 26, 1933, and in the Equitable Life case on October 25, 1933; that sheriff's deeds had not been issued to the purchasers, but that certificates of purchase had been issued; that before the original periods of redemption allowed by the state district court pursuant to statute expired that court had entered orders of extension so that the extended periods had not expired when the petition in bankruptcy was filed. Only two other creditors were named, they as unsecured, a bank holding the farmer's note for $200 and the treasurer of Sedgwick County a claim for taxes of $364.10.

On February 1, 1936, each of the insurance companies lodged with the commissioner a motion to dismiss the proceeding as to it on the grounds that it was the owner of a vested equitable estate in the lands which are claimed by the farmer as an asset but which they respectively purchased at foreclosure sale; that the court has no jurisdiction over the movant or over its interests in said land for the reason that no relation of debtor and creditor existed between the farmer and them at the time the petition was filed; and for other reasons.

The commissioner heard these motions on February 25, 1936. He made findings of fact and conclusions of law. In his findings he states when the foreclosure suits were instituted, one in December, 1932, and one in August, 1933; dates of rendition of judgment in each case, one in March, 1933, and one in September, 1933; the amounts of those judgments; dates of orders of sale, one in March, 1933, the other in September, 1933; the dates of sales, one in April, 1933, the other in October, 1933; the amounts bid; that one sale was confirmed in April, 1933, the other in October, 1933; the redemption periods, eighteen months in each case; the date of expiration of each period; the dates of extensions of periods of redemption by the state court, each entered May 1, 1935; and the expiration of the extensions, one January 15, 1936, and the other March 1, 1936. He stated that certificates of purchase had been issued to the purchasers but no deeds had issued. He concluded as matter of law that the relationship of debtor and creditor did not exist between the farmer and the companies; that the companies as holders of the certificates of purchase held vested equitable title to the lands respectively because of the orders of the state district court confirming the respective sales; and that he (the commissioner) had no jurisdiction over the property in so far as it affected the rights of the holders of the certificates of purchase, and that the proceedings as to them should be dismissed.

Counsel for the farmer filed exceptions to the action of the commissioner in sustaining the motions and challenged his jurisdiction to act in that regard as well as the soundness of his conclusions. The objections and exceptions were presented to the District Judge. He made no findings, expressed no opinion, and took no action other than to confirm the conclusions of law made by the commissioner and to sustain the commissioner in dismissing the proceedings in so far as they affect the insurance companies and their interests in the real property to which they hold certificates of purchase. This appeal is from that order. The assignments of error are directed almost entirely to the action of the commissioner as being beyond his power and the failure of the District Judge to act independently on the motions.

The jurisdiction of the Bankruptcy Court attaches on the filing of the petition. Thereafter its power is exclusive and paramount as to all the bankrupt's property not in the possession of some other court. Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599; Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060; Acme Harvester Co. v. Beekman

Lum. Co., 222 U.S. 300, 32 S.Ct. 96, 56 L. Ed. 208. This principle is declared in subsection (n) of section 75 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 203(n). A suit to foreclose a mortgage, without other relief sought adequate to the purpose, is not a proceeding in rem. Dupasseur v. Rochereau, 21 Wall. 130, 22 L.Ed. 588; Bullock v. Florida ex rel. R. R. Comm. of Fla., 254 U.S. 513, 41 S.Ct. 193, 65 L.Ed. 380. Moreover, the farmer was still in possession of the 400 acres, deeds had not been issued to the purchasers, and the District Judge had entered an order approving the filing of the farmer's petition as properly filed But if there was good and sufficient reason why the land could not be administered in the Bankruptcy Court, either because it did not belong to Wilcons or belonged to another at the time the petition was filed, or because Wilcons' interest and right thereto had terminated, then subsection (o) section 75 (as amended, 11 U.S.C.A. § 203(o) provides a remedy to the true owner. It reads:

"Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court:" etc.

That procedure seems to afford ample protection to appellees if their contentions as to facts and law can be upheld. In Pollard v. Bailey, 20 Wall. 520, 527, 22 L. Ed. 376, the court said:

"A general liability created by statute without a remedy may be enforced by an appropriate common-law action. But where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed."

See, also, Barnet v. Muncie National Bank, 98 U.S. 555, 25 L.Ed. 212.

It affords an affirmative remedy whereas the order on the motion to dismiss gave no relief to appellees. It adjudicated no rights. Whether appellees' names are in or out of the bankruptcy files and proceedings has no effect on the jurisdiction of the Bankruptcy Court conferred by subsection (n), which coupled with subsections (o) and (p) (as amended, 11 U.S.C.A. § 203 (n, o, p) operate as an injunction against every one unless and until lifted in the way provided by subsection (o). Jurisdiction is the power to decide wrongly as well as rightly. Foltz v. St. L. & S. F. Ry. Co. (C.C.A.) 60 F. 316. Must the certificate holder and the sheriff take the chance of being in contempt in fixing a time when the foreclosure deeds should be delivered? Their claim is that the foreclosure proceedings in the state court had gone so far that under the settled rule of property in the state of Kansas all title and beneficial interest in the land had passed to the purchasers at foreclosure sale prior to initiation of the proceedings under the Bankruptcy Act, or that full title has since passed, and they are entitled to deeds from the sheriff. That issue was not adjudicated as provided in subsection (o).

Remanded. Let appellees file their petitions as above indicated, if so advised. Let appellant answer thereto. The District Judge will then set the issue or issues for trial, hear the evidence, if any, and adjudicate the right of the controversy.