**BOWEN v. BAKER et al.**

No. 985 Civil.

District Court, E. D. Pennsylvania.

Dec. 9, 1940.

Chas. M. Bolich, of Allentown, Pa., for plaintiff complainant.

Herman H. Krekstein, of Philadelphia, Pa., and David Getz, of Allentown, Pa., for defendant respondent Baker.

Fred B. Gernerd, of Allentown, Pa., for respondent Haas.

KALODNER, District Judge.

This is a civil action, seeking equitable relief. The defendant Baker filed two motions: (1) To dismiss the complaint, and (2) for a more specific statement of claim.

It is clear that the motion to dismiss must be granted, making it unnecessary, of course, to consider the motion for a more specific statement.

The situation presented by the complaint is novel and without precedent. Briefly stated, the plaintiff Bowen, a discharged bankrupt, brought this action against Baker, one of his creditors, and Haas, trustee in bankruptcy for Bowen.

In his complaint, Bowen averred that when he filed his voluntary petition in bankruptcy (November, 1939) he owned a property on Hamilton street in Allentown, Penna., subject to mortgages of $294,600; that on October 5, 1933, the United States of America caused a lien to be entered of record against the Hamilton street property for income tax in the sum of $21,427.16; and that on May 31, 1935, the United States of America caused a lien to be entered of record against the Hamilton street property for distilled spirits tax in the sum of $13,108.92.

The complaint further averred that prior to the entry of the first government lien in 1933, there was a judgment of record against the plaintiff, as of September Term, 1932, in the sum of $20,000, and that subsequent to the entry of the first government lien, three further judgments were recorded against Bowen in favor of divers creditors as follows:

No. 680, September Term, 1933.. $10,000.
No. 447, January Term, 1934.... $20,000.
No. 268, January Term, 1935.... $20,000.

The second government lien of $13,108.92 was entered subsequent to the last-mentioned $20,000 judgment.

The complaint further averred that the defendant Baker, prior to the plaintiff's bankrupcty, acquired the four judgments above set forth for "nominal considerations" and that subsequent to such acquisition Baker filed an application for certificate of discharge of the Hamilton street property with the Collector of Internal Revenue for the First Collection District of Pennsylvania, seeking discharge of the two government tax liens, and that in pursuance of such application a certificate of discharge against the Hamilton street property was executed by the Collector of Internal Revenue on April 5, 1939, and entered of record in the Prothonotary's Office of Lehigh County some seven months prior to the plaintiff's bankruptcy.

The complaint also averred that while the two government tax liens remained a lien against other real estate owned by the plaintiff, that there was no equity in the other real estate, and that the only real estate equity which the plaintiff enjoyed at the time of his bankruptcy was in the Hamilton street property, which the plaintiff valued "in excess of $500,000" compared to the $294,600 mortgages held against that property by the Lehigh Valley Trust Company.

The complaint further averred that the certificate of discharge of the two Federal tax liens on the Hamilton street property was "induced * * * by error, mistake or by misrepresentations made to the Federal government as to the value of said property and as to the correct amount of obligations or liens against said property at the time said application was made and the original certificate of discharge obtained." (Par. 15 of the complaint.)

It also averred that the acquisition of the four judgments before described by defendant Baker for "nominal considerations" and Baker's efforts to collect the judgments caused Bowen to become insolvent and to file his voluntary bankruptcy petition. Additionally, it averred that Bowen had made a formal demand on Haas, the trustee in bankruptcy, to act to set aside the release of the Federal tax claims, and that Haas had "failed and refused to give such request any consideration".

On the basis of the contentions above set forth, the plaintiff in his complaint asserted violation of "a legal right to have his property apply to the discharge of his debts * * * without the interference of the respondent Baker" in securing a release of the Federal tax liens, and that plaintiff, by the action of the defendant Baker, was "deprived" of a valuable property right, which deprivation constituted "a legal fraud" upon the complainant.

In his complaint the plaintiff asked threefold relief:

(1) That this court "order a restoration of the lien for taxes due the United States of America * * *."

(2) That the defendant Baker "be compelled to prove the value of the deficiency judgments" above referred to "so that the extent to which these judgments shall share in any distribution may be determined and the monies otherwise available be applied to the payment and discharge of the

tax claims of the United States of America."

(3) That the defendant Haas, the trustee in bankruptcy, "be restrained from making any distribution of the proceeds realized from the sale of the Hamilton street property pending the disposition of the request raised in the within bill."

The motion to dismiss is based on two grounds: (1) The court's lack of jurisdiction, and (2) failure of the complaint to state a claim upon which relief can be granted.

It is apparent that the plaintiff's purpose in filing the complaint is to obtain satisfaction of the two waived Federal tax liens (which, of course, continue in existence against him generally despite his discharge in bankruptcy) out of the proceeds of the sale of the Hamilton street property.

However understandable the plaintiff's position may be, it is clear beyond doubt that the present suit cannot be maintained.

The motion to dismiss must be granted for failure to join the United States of America as a necessary and indispensable party: See Leather v. White, 7 Cir., 296 F. 477; Electric Steel Foundry v. Huntley, 9 Cir., 32 F.2d 892; Stafford Mills v. White, D.C., 41 F.2d 58; Czieslik v. Burnet, D.C., 57 F.2d 715.

■ Secondly, this court, sitting in equity, has no jurisdiction to determine claims contested and pending in a bankruptcy proceeding: Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599; Heffron v. Western Loan & Building Co., 9 Cir., 84 F.2d 301, 112 A.L.R. 501.

The dismissal for failure to join the United States of America as a necessary and indispensable party relates to that phase of the action which seeks the "restoration of the liens for taxes due the United States of America"; the ruling that this court sitting in equity has no jurisdiction to determine claims contested and pending in a bankruptcy proceeding relates to that phase of the plaintiff's action in which he prays that the defendant Baker "be compelled to prove the value of the deficiency judgments, etc.", and the prayer that the defendant Haas, the trustee in bankruptcy, "be restrained from making any distribution, etc."

As to the point just mentioned, the Federal Bankruptcy Act as amended created courts of bankruptcy and fixed their jurisdiction: U.S.C.A., Title 11, Chapter 1, Section 1, and Chapter 2, Section 11.

"Upon adjudication in bankruptcy, all the property of the bankrupt rests in the trustee as of the date of the filing of the petition. Upon such filing, the jurisdiction of the bankruptcy court becomes paramount and exclusive; and thereafter that court's possession and control of the estate cannot be affected by proceedings in other courts, whether state or federal. * * *" Taylor v. Sternberg, 293 U.S. page 472, 55 S.Ct. page 261, 79 L.Ed. 599.

■ As to that phase of the plaintiff's action seeking cancellation of the waiver of the two Federal tax liens and their restoration against the Hamilton street property:

The Internal Revenue Act, Section 3674 (b), 26 U.S.C.A. Int.Rev.Code, § 3674(b),[1] expressly empowers the Collector of Internal Revenue to "issue a certificate of discharge of any part of the property subject to the lien," and Section 3675 provides that "A certificate of release or of partial discharge issued under this subchapter shall be held conclusive that the lien upon the property covered by the certificate is extinguished. 53 Stat. 450."

The certificates of discharge against the Hamilton street property were issued by the Collector under the authority of Section 3674 and under Section 3675. It is clear that the certificates of release are "conclusive" that the liens upon the Hamilton street property covered by the certificates of release were extinguished.

Congress has not provided for the "cancellation" of such certificates of discharge or "restoration" of the discharged or released liens by a complaining taxpayer or individual.

[1] "(b) Part payment. Subject to such regulations as the Commissioner, with the approval of the Secretary, may prescribe, the collector charged with an assessment in respect of any tax may issue a certificate of discharge of any part of the property subject to the lien if there is paid over to the collector in part satisfaction of the liability in respect of such tax an amount determined by the Commissioner, which shall not be less than the value, as determined by him, of the interest of the United States in the part to be so discharged. In determining such value the Commissioner shall give consideration to the fair market value of the part to be so discharged and to such liens thereon as have priority to the lien of the United States. 53 Stat. 449."

It may be noted at this point that the motion to dismiss was argued on October 7, 1940; that at the argument there was present a representative of the office of the United States Attorney for the Eastern District of Pennsylvania; that the ruling of the court was deferred to afford the United States of America time to consider possible voluntary intervention as a party defendant; and that the court has been advised that the Government does not desire to intervene.

Since the crux of the plaintiff's action is the cancellation of the certificates of discharge and the restoration of the Federal liens against the Hamilton street property, it is clear that the United States of America is a necessary and indispensable party.

Since the United States of America has not intervened as a party defendant, and consequently is not now a party defendant, the action must be dismissed for failure to join the United States of America as a necessary and indispensable party.

"The United States of America is an indispensable party, and as it cannot be brought in, the suit must be dismissed." Czieslik v. Burnet, D.C., 57 F.2d page 717.

" * * * it is also settled by the decisions of the Supreme Court that 'the United States are not bound by a judgment to which they are not parties * * *.'" Electric Steel Foundry v. Huntley, 9 Cir., 32 F.2d page 893.

"And, since the United States cannot be sued without its consent, there appears to be no alternative other than to dismiss the proceedings." Stafford Mills v. White, D.C., 41 F.2d page 59.

In the Stafford Mills and Czieslik cases the suit was to remove tax liens, and in the Electric Steel Foundry case the suit was to cancel a tax waiver. In each instance the United States was held to be a necessary and indispensable party.

It is well established that the defendant cannot be required to litigate those questions which primarily and directly involve issues with third parties not before the court.

The rule was well stated by the Supreme Court in Minnesota v. Northern Securities Co., 184 U.S. 199, page 235, 22 S.Ct. 308, page 322, 46 L.Ed. 499:

"The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject matter of a suit, are to be made parties to it, so that there may be a complete decree, which shall bind them all. By this means the court is enabled to make a complete decree between the parties, to prevent future litigation, by taking away the necessity of a multiplicity of suits, and to make it perfectly certain that no injustice is done, either to the parties before it, or to others who are interested in the subject matter, by a decree which might otherwise be granted upon a partial view only of the real merits. When all the parties are before the court, the whole case may be seen; but it may not, where all the conflicting interests are not brought out upon the pleadings by the original parties thereto. Story, Eq.Pl. § 72.

"The established practice of courts of equity to dismiss the plaintiff's bill if it appears that to grant the relief prayed for would injuriously affect persons materially interested in the subject matter who are not made parties to the suit is founded upon clear reasons, and may be enforced by the court, sua sponte, though not raised by the pleadings or suggested by the counsel."

"When it appears to a court of equity that a case, otherwise presenting ground for its action, cannot be dealt with because of the absence of essential parties, it is usual for the court, while sustaining the objection, to grant leave to the complainant to amend by bringing in such parties. *But when it likewise appears that necessary and indispensable parties are beyond the reach of the jurisdiction of the court, or that, when made parties, the jurisdiction of the court will thereby be defeated, for the court to grant leave to amend would be useless.*" (184 U.S. pages 246, 247, 22 S.Ct. page 326, 46 L.Ed. 499.)

As was stated at the outset of this opinion, the situation presented by the complaint is novel and without precedent. Chaos in the administration of the Federal tax laws would inevitably result if taxpayers and complaining individuals were to be permitted to collaterally attack, in suits of this nature, Federal tax liens or their discharge or release by properly authorized public officials.

For the reasons above stated, the complaint is dismissed.