## HUGG et al. v. CROOKS et al.
### No. 11798.

Circuit Court of Appeals, Eighth Circuit.

Aug. 27, 1941.

Robert J. Bannister, of Des Moines, Iowa (E. McLain Watters, Jr., of Philadelphia, Pa., and Stipp, Perry, Bannister & Starzinger, of Des Moines, Iowa, on the brief), for appellants.

Walter R. Dyer, of Boone, Iowa (J. W. Jordan and John S. Dyer, both of Boone, Iowa, on the brief), for appellees C. H. Crooks and L. J. Dickinson, Trustees.

E. Hilton Jackson, of Washington, D. C. (J. L. Parrish, Jr., of Des Moines, Iowa, on the brief), for appellees petitioning creditors of Fort Dodge, Des Moines & Southern R. Co.

Before WOODROUGH, JOHNSEN, and VAN VALKENBURGH, Circuit Judges.

JOHNSEN, Circuit Judge.

In a reorganization proceeding under section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, against the Fort Dodge, Des Moines and Southern Railroad Company, the District Court refused to make any allowance to the members of a bondholders' protective committee for services and expenses in a prior receivership in the state court, and they have appealed.

The railroad had been in receivership in the state court from February, 1930, to August, 1939, when some of the creditors filed a petition for reorganization in the federal court. After that court had approved the petition and appointed trustees, appellants made application to the state court to fix the amount of the allowance to which they might equitably be entitled for services and expenses, as members of a bondholders' protective committee organized in 1938 to attempt to effect a reorganization of the railroad in the state court receivership. The state court, after notice and hearing, entered an order approving and recommending payment to appellants of the sum of $7,385.09.

The trustees then made application to the federal court for instructions, and the matter was ordered set down for hearing. It was submitted on the record made before the state court. The District Court refused to follow the recommendation of the state court, and held that, since no reorganization had been effected, appellants' efforts to that end in the state court could not soundly be said to have benefited the debtor or its estate. It similarly declared that, inasmuch as no reorganization had been completed in the federal court, it was impossible to say that appellants' efforts in the state court or subsequent thereto had facilitated and contributed to the success of the present proceeding.

Subsection i of section 77, 11 U.S.C.A. § 205, sub. i, provides that, after a petition for reorganization has been filed and approved, if there has been a prior receivership or trusteeship, "the judge shall make such orders as he may deem equitable for the protection of obligations incurred by the receiver or receivers or prior trustee or trustees and for the payment of such reasonable administrative expenses and allowances in the prior proceedings as may be fixed by the court appointing such receiver or trustee".

This statute was not intended to leave the receivership court free, after it had lost jurisdiction of the assets, to convert a request for an equitable allowance, such as is here involved, into a legal obligation against the debtor's estate in the reorganization court. Such a power to reward, where the responsibilities of administration no longer existed, might easily become a source of grave abuse, and we think it may soundly be assumed, in the light of recent investigations and reports,[1] that Congress was not intending either to sanction or even to tolerate the possibility of any increased evils in the receivership and bankruptcy fields. It was both proper and helpful in a reorganization proceeding to go beyond the scope of the general bankruptcy statute[2] and to permit the reorganization court to have the benefit of the receivership court's views and recommendations, as to any equitable considerations that ought seemingly to be taken into account. It seems perfectly clear to us, however, that Congress intended that the responsibility for the ultimate allowance and payment of any claims, not previously disposed of in the receivership court with binding legal finality, should rest upon the reorganization

[1] Donovan Report, House Comm. Print, 71 Cong. 3d sess.; Thatcher Report, Sen. Doc. No. 65, 72d Cong., 1st sess.; McAdoo Report, Investigation of Bankruptcy and Receivership Proceedings in United States Courts, pursuant to S. Res. 78, 73d Cong., 2d sess.; Jackson Report, Sen. Doc. No. 268, 74th Cong., 2d sess.

[2] As to the lack of jurisdiction of a prior receivership court to pass upon such allowances after proceedings under the general bankruptcy statute, see Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599, and Gross v. Irving Trust Co., 289 U.S. 342, 53 S.Ct. 605, 77 L.Ed. 1243, 90 A.L.R. 1215.

court,[3] which owed a direct accountability to it for any impropriety in its actions. Such was the limitation which the receivership court in this case felt existed upon its action, and such was the effect which it intended its order to have, when it stated in its memorandum opinion that it regarded it as proper "to hear and pass upon such claims, making such recommendations as are deemed proper—the question of their allowance and payment then to rest with the federal court".

The remaining question is whether the District Court was justified, under the circumstances of the case, in refusing to make any allowance for reorganization services and expenses in the receivership court, on the ground that no reorganization had there been achieved, and, further, that, since no reorganization plan had yet been adopted in the federal court, there was no way of measuring the contribution, if any, of the previous reorganization services and expenses to the successful culmination of the present proceeding.

██ An equitable allowance against receivership or reorganization assets ought to be grounded upon some direct, substantial, and demonstrable benefit to the debtor's estate. Generally speaking, the benefit should bear a specific relationship to the purpose for which the services were rendered. A court is not bound to give consideration to mere incidental or collateral benefits that may have resulted. Thus, we have previously declared, in reorganization proceedings under section 77B of the Bankruptcy Act, now Chapters X and XI of the Chandler Act, 11 U.S.C.A. § 501 et seq., that the services or expenses which will warrant an allowance from the reorganization estate must have contributed to the plan as finally adopted, and that the court should not allow compensation for services rendered in matters collateral to or only indirectly affecting the reorganization.[4]

██ And so here, we think the District Court was justified in holding that the record did not demonstrate any direct and ultimate reorganization benefits to the debtor's estate, from appellants' services

and expenses in the state court, which could furnish the foundation for a present equitable allowance. If, on the adoption of a final reorganization plan, it can be clearly demonstrated that appellants' services and expenses in the receivership court, or any continued furtherance of their formulated plan, shall have made a substantial contribution in facilitating the reorganization proceedings and the accomplishment of an ultimate reorganization result, the reorganization court is, of course, not precluded from dealing equitably with the situation at that time. The question is, however, one primarily for the conscience and sound discretion of the reorganization court, and we will not disturb its judgment in the matter, unless it is obviously wrong.[5]

Affirmed.

---

[3] Compare the construction of a similar provision in section 77B, 11 U.S.C.A. § 207, sub. i, in Re Allied Owners Corporation, 2 Cir., 79 F.2d 187, 189; In re New York Investors, Inc., 2 Cir., 79 F. 2d 179, 181; Union Guardian Trust Co. v. Colwood Co., 6 Cir., 111 F.2d 671, 673.

[4] Stark v. Woods Bros. Corporation, 8 Cir., 109 F.2d 969.

[5] Silver v. Scullin Steel Co., 8 Cir., 98 F.2d 503.