In re ROBINSON.

MacDONALD v. ADAMS.

No. 62204.

District Court, D. Massachusetts.

Dec. 23, 1941.

Walter J. MacDonald, of Brockton, Mass., trustee.

Edward D. Sharkey, of Boston, Mass., for Edith M. Adams.

FORD, District Judge.

This case comes before the court on a petition by the respondent for review of the findings and order of a referee made on the petition of the trustee that respondent be ordered to turn over to him certain real estate, title to which stands in her name.

The referee found that respondent's title was purely colorable and fraudulent as to creditors. He ordered that the property be turned over to the trustee as part of the bankrupt's estate.

The evidence before the referee showed that at some time prior to July 31, 1934, the bankrupt had an agreement to purchase the real estate in question. When the conveyance was made, he caused a deed to be made to one Whitcomb. On July 31, 1934, he caused Whitcomb to convey title to the respondent.

The respondent was then employed as a telephone operator for a weekly wage. She had been keeping company with the bankrupt over a long period of time. The bankrupt alleges that at the time of the transfer he owed a total of $1,400 to the respondent for loans of small sums and that thereafter she made loans bringing the total to $3,200.

Before the conveyance to Whitcomb and while the bankrupt was in possession of the real estate under his agreement to purchase, he commenced to improve it and incurred debts for labor and materials used for that purpose. Such of that indebtedness as was not paid is included in the schedule of his liabilities in bankruptcy.

The conveyance by Whitcomb to the respondent was made in trust for the bankrupt. By the terms of this instrument the respondent was to pay the net rent and profits to the bankrupt, or to permit him to occupy the property at his election. The bankrupt was to pay taxes and expenses. The respondent trustee was to convey the property at the bankrupt's death to such persons as he should appoint by will, and in default of appointment to his heirs at law. She had power at any time to sell or mortgage at the request of the bankrupt. She might at any time, in her discretion, convey the property to the bankrupt and terminate the trust.

After the conveyance to the respondent, the bankrupt managed the property, engaged the necessary labor, and purchased the necessary materials for construction of buildings and maintenance. He collected the rents, kept no books, and made no accounting to the respondent Adams of the income from the property. All the loans were negotiated by the bankrupt. Mortgages were signed by the respondent at the request of the bankrupt.

The bankrupt was adjudicated June 3, 1938. Thereafter, on November 3, 1939, the trustee's amended turnover petition against this respondent was filed. To this petition the respondent filed a motion to dismiss on the ground that the referee did not have summary jurisdiction to pass upon the petition. She also filed an answer denying that the bankrupt had possession of the property, or that she was guilty of fraud or intention to mislead anyone as to the title to the premises. She had already filed a proof of claim for $3,200 in the bankruptcy proceedings, which claim has never been allowed by the referee. The only evidence to show the validity of this claim is that of testimony of the respondent and of the bankrupt. Neither has produced any evidence of the debt, or any notation of amounts loaned or borrowed.

The matter first went to hearing on the motion to dismiss on the ground the referee had no summary jurisdiction as to this matter. With respect to this motion the referee heard testimony from the respondent, the bankrupt, and from one Jenney, who drew the deed conveying the property to respondent. He denied the motion to dismiss. The respondent filed a petition to review in this court. It was denied on the ground the referee could find, on the evidence before him, that the title of the respondent was colorable only and that he had jurisdiction summarily to adjudicate the controversies involved in the trustee's turnover petition.

Thereafter, the matter came on for hearing on the merits of the petition to turn over. The referee found that the transaction was fraudulent as to creditors and, on all the evidence, the real estate was

really the property of the bankrupt on the date of adjudication. It was ordered that Adams convey it to the trustee.

These findings and the order were based in part on testimony of the respondent, Adams, given at the hearing of the motion to dismiss. Beginning on April 2, 1941, the referee had attempted to hold a hearing on the merits of the turnover petition. Due to inability of counsel to be present, no hearing was held until May 27. At some time between April 2 and May 27 the respondent left for Florida. In her absence, the referee's notes of the testimony of the respondent on the hearing of the motion to dismiss were used by him.

The order of the referee on the merits of the turnover petition was entered May 29, 1941. The next day was a holiday. At the hearing the referee did not get the address of counsel for the respondent, but he later ascertained it and a copy was sent to him not later than June 6. The petition for review was filed on June 16, 1941. The referee certified the question whether or not this petition must be dismissed because of the late date of filing.

■ It seems the delay in filing his petition is fatal to the respondent's right to obtain review. Under Section 39, sub. c, of the Chandler Act, 11 U.S.C.A. § 67, sub. c, "A person aggrieved by an order of a referee may, within ten days * * * or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge * * *". This section is a limitation upon the right of a party aggrieved by a referee's order to obtain a review. In the Matter of Albert, 2 Cir., 122 F.2d 393, 46 Am.Bankr.Rep., N.S., 522, 523. The petition in this case was not filed within ten days. No cause for filing late was set forth. The fact that the referee did not immediately send a copy of his order to counsel for the respondent is not in my opinion a sufficient excuse for delay in filing the petition. Counsel could obtain a copy of the referee's order by a visit to the clerk's office. It is the duty of counsel to examine the record in the case himself. See In re Trottier, D. C., 32 F.2d 1010. Neglect of this duty is no excuse for delay in filing a petition. The requirement of the statute, that a petition for review must be filed within ten days unless cause for delay is shown and the time extended, is perfectly clear. Section 39, sub. c, cannot be construed as meaning ten days after notice of referee's order. The respondent, who has failed to meet the terms imposed on her by the Chandler Act, has lost her right to obtain review of the referee's order. Cf. In re Brown, D.C., 30 F.Supp. 286.

■ Moreover, even if the petition for review in this case had been seasonably filed, I would be forced to conclude it was without merit. A previous decision by a judge of this court (In re Robinson, D.C., 36 F.Supp. 11) has affirmed the referee's order denying a motion to dismiss on the ground that the court had summary jurisdiction because the title of the respondent was merely colorable. That such a finding justifies the granting of an order to turn over the property can hardly be controverted. In re Permanent Mortgage Corporation, D.C., 5 F.Supp. 957; Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599; Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; In re Indiana Flooring Co., 2 Cir., 62 F.2d 763; Head et al v. Brainard, 9 Cir., 5 F.2d 289; 8 C.J.S., Bankruptcy, § 342, p. 1105.

■ It would seem that since the issue of the court's jurisdiction was decided on a ground that went to the merits of the petition, no further hearing was necessary. However, a further hearing was held, and the respondent claimed that her discretion to refuse to convey to the bankrupt and terminate the trust was intended to give her some control over the property which she could use to protect her loans to the bankrupt. The deed was patterned after a deed held in the Massachusetts case of Crawford v. Langmaid, 171 Mass. 309, 50 N.E. 606 not to be a fraud on future creditors in the absence of an actual intent to defraud. I think, that on the facts of this case, the referee was justified in finding no bona fide intention to secure the respondent's loans to the bankrupt, but that the respondent held only a bare legal title, with control and the beneficial interest in the bankrupt. In fact, the bankrupt completely controlled this property. In substance it was always treated as his. No written evidence of the existence of any debt from bankrupt to respondent was produced and the explanation offered for its non-existence was not convincing. In view of the relation of the parties, it is a fair inference that any slight restraint the respondent might have power to exercise on the bankrupt's control of the property would not be exercised. Under these circumstances, I think the referee was warranted in finding that on

undisputed facts the claim of the respondent was merely colorable. It met the test of being "so unsubstantial and obviously insufficient either in fact or in law as to be plainly without color of merit or a mere pretense". In re Indiana Flooring Co., supra, 62 F.2d at page 764. As this finding justifies the entry of the turnover order, it is not necessary to consider whether there was a transfer fraudulent as to future creditors. The order rests rather on the basis that the beneficial ownership of the property was held and continued to be held by the bankrupt without substantial restriction. .

One further objection to the referee's order is urged by the respondent. The referee's findings are based in part on his notes of the respondent's testimony on the motion to dismiss. I believe the referee acted properly in making use of these notes. By Order 37 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53, it is provided that "In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be". Rule 43 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which governs the admissibility of evidence, directs the court to receive any evidence which would be admitted under the statutes of the United States, or under the rules of evidence formerly applied in equity suits in the federal courts, or under the rules of evidence applied in courts of general jurisdiction of the state in which the United States Court is held. The use of reported testimony from a prior trial in proceedings between the same parties on the same issue is permissable under Massachusetts rules of admissibility when the witness who originally testified cannot be found after diligent search. Commonwealth v. Gallo, 275 Mass. 320, 175 N.E. 718, 79 A.L.R. 1380. Before the Federal Rules of Civil Procedure federal cases have admitted reported testimony from a prior trial on the same issues in cases where the witness is out of the jurisdiction at the time of the second proceedings. Cf. Great Northern Ry. Co. v. Ennis et al., 9 Cir., 236 F. 17; Toledo Traction Co. v. Cameron, 6 Cir., 137 F. 48, and Chicago, St. P., M. & O. Ry. Co. v. Myers, 8 Cir., 80 F. 361. The notes of the judge or officer, if substantially

accurate, are receivable as a report of the prior testimony. Ruch v. City of Rock Island, 97 U.S. 693, 24 L.Ed. 1101; Jaquith v. Morrill, 204 Mass. 181, 90 N.E. 556; Costigan v. Lunt, 127 Mass. 354.

Therefore, under the rules of evidence governing the proceedings, I conclude that there was no error in the referee's use of the respondent's testimony given on hearing of the motion to dismiss.

I also conclude that on the entire evidence before him, the referee was justified in his finding that the title of the respondent to the property was merely colorable, and in his order that it be turned over to the trustee as part of the bankrupt's estate.

The petition for review is dismissed and the order of the referee confirmed.