**LEWIS et al. v. NAVIN et al.**

No. 172.

Circuit Court of Appeals, Second Circuit.

March 1, 1946.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

Murray M. Cowen and J. Norman Lewis, both of New York City, for appellants.

Edwin W. Lawrence, of Rutland, Vt., for appellees.

L. HAND, Circuit Judge.

McNulty and Lewis appealed from two orders of the District Court fixing their allowances: one, an order entered in a creditors' suit, brought by the New England Coal and Coke Company against the Rutland Railroad Company; the other, an order entered in a reorganization in bankruptcy of the railroad under § 77 of the Bankruptcy Act, 11 U.S.C.A. § 205. McNulty declared that he was a "representative" of a group of preferred shareholders, and Lewis was his attorney. The judge made an allowance to each in the Creditors' Suit, which he later confirmed by an order in the Bankrupcty Proceeding. We dismissed the appeal in the Bankruptcy Proceeding, because it was taken too late; but denied a motion to dismiss the order in the Creditors' Suit; and that is the only appeal before us. The single question is the inadequacy of the awards. The facts were as follows.

On May 5, 1938, the New England Coal and Coke Company, a simple creditor of the Rutland Railroad, on behalf of itself and

all other creditors brought a suit of the kind, familiar before the advent of § 77 and former § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, praying that a receiver be appointed to take over and operate the railroad, that all executions should be enjoined, and for other incidental relief. Upon the road's consent a receiver was appointed, to whom the appellee, Navin, is a successor. On July 14th of the same year, the trustees of three mortgages upon the railroad commenced actions of foreclosure, which were consolidated with the Creditors' Suit, and both thereafter proceeded as one. On December 11, 1943, the railroad filed a voluntary petition for reorganization under § 77 of the Bankruptcy Act, which remained pending along with the Creditors' Suit. The attorney for the railroad, as petitioner in the Bankruptcy Proceeding, resigned on February 27, 1943, no answers having as yet been filed, and McNulty as "representative" of a group of the preferred shareholders intervened by order of the court entered on March 19, 1943. A "plan of reorganization" in the Creditors' Suit was presented to the creditors in April, 1943, which presupposed a "sale in the receivership and foreclosure proceedings, or through the procedure provided by the Federal bankruptcy law, or otherwise," and which provided for non-assenting creditors in the usual way by allocating to them their proportion of the upset price. The mortgagees objected to the Bankruptcy Proceeding, and the judge denied the railroad's petition under § 77 on April 12, 1943, in spite of the efforts of McNulty and Lewis that the reorganization should be had under § 77. McNulty then appealed to this court which on April 26, 1944 reversed the order denying the bankruptcy petition, declaring that Creditors' Suits were no longer permissible after the advent of § 77. New England Coal & Coke Co. v. Rutland R. Co., 2 Cir., 143 F.2d 179.

Thereupon a number of those interested filed petitions for allowances in the Creditors' Suit—McNulty and Lewis among the rest on May 22, 1944. The judge held hearings upon these in August, 1944, and on April 30, 1945, made the allowances of whose amount McNulty and Lewis now complain. The services for which they asked to be paid were, so far as we can find, confined to their successful effort to have the reorganization take place in bankruptcy. On May 15, 1945, the judge entered the order in the Creditors' Suit making the allowances which he followed by the order in the Bankruptcy Proceeding on August 2, 1945, confirming the allowances and directing the bankruptcy trustees, of whom Navin was one, to pay them.

The receivers, who are also the trustees in bankruptcy, argue that, when we dismiss the appeal from the order confirming the allowances in the Bankruptcy Proceeding, we should also have dismissed the appeal from the order fixing them in the Creditors' Suit, because that order was futile until it was confirmed and ordered to be paid in the Bankruptcy Proceeding. In re New York Investors, Inc., 2 Cir., 79 F.2d 179; Reconstruction Finance Co. v. Endelman, 2 Cir., 79 F.2d 182; In re Allied Owners Corporation, 2 Cir., 79 F.2d 187; Hugg v. Crooks, 8 Cir., 122 F.2d 366. That is quite true, nevertheless the preliminary order, though only advisory, so to say, is not to be disregarded, for, if it were reversed, it might, and indeed should, lead the judge to a reconsideration of the confirmatory order in bankruptcy over which he still had jurisdiction. Indemnity Ins. Co. of North America v. Reisley, 2 Cir., 153 F.2d 296. Hence we must consider on the merits the order in the Creditors' Suit.

McNulty and Lewis rendered no services for which an allowance was proper in the Creditors' Suit. First, we can find in their petitions no claim for services in the operation or protection of the property of the railroad; and, indeed, it would make no difference if they had rendered any. It was settled that in creditors' suits no one could establish any right to an allowance for such services unless, before he rendered them, he had got the permission of the court to supplement, or to take the place of, the receiver in charge: volunteers, however fruitful their services, could get nothing. Reconstruction Finance Corporation v. Endelman, supra, 2 Cir., 79 F.2d 182; Clark v. Goldman, 2 Cir., 124 F.2d 491. It follows that the only award permissible was for the services in defeating reorganization under the Creditors' Suit and compelling the railroad to be reorganized under § 77. Subdivision c(12) of § 77,—like subdivision c(9) of § 77B and § 243 of Chapter X, 11 U.S.C.A. § 643—gives the bankruptcy court power to grant allowances for services rendered "in connection with the proceedings and plan," and McNulty and Lewis were entitled to be paid for what they did; but on no conceivable theory can their services be considered as rendered in the Creditors' Suit.

On the contrary, it was precisely in order to put an end to all further action in that suit and to throw the whole reorganization into bankruptcy that all their efforts were directed. The judge's order was therefore erroneous in allowing them anything whatever in that suit, although his confirmation of their allowances in the Bankruptcy Proceeding may be treated as an allowance de novo under § 77. It is their failure to appeal in season from that order that prevents any review of it by us.

We do not wish to be understood as implying from the way in which we are disposing of the appeal, that in fact we should have disturbed the awards had they been before us; so far as appears, they are by no means so gravely insufficient as to constitute an abuse of the judge's discretion. Finally, we do not mean to imply that services rendered in a Creditors' Suit in aid of a reorganization in such a suit can become a charge upon the estate as a whole, even though they may be so upon the interests of those creditors who, by becoming parties to the reorganization itself, may be said to benefit by them. Nolte v. Hudson Navigation Co., 2 Cir., 47 F.2d 166.

Order affirmed.