**In re PINE TREE FEED CO., Inc.**

No. 7004.

United States District Court
D. Maine, N. D.
April 27, 1953.

Edward E. Cohen, Boston, Mass., for debtor.

Abraham J. Stern and Edward Stern, Bangor, Me., for state court receivers.

Abraham M. Rudman, Bangor, Me., for temporary receiver.

Morris Rubin, Bangor, Me., for Morris Singer.

George F. Peabody and Merrill R. Bradford, Bangor, Me., for Delaware Mills.

CLIFFORD, District Judge.

This action is before this Court on the petition of the Pine Tree Feed Company, Inc. (hereinafter referred to as debtor), for review of an order of the Referee in Bankruptcy for the District of Maine, Northern Division, dismissing the debtor's Petition for Arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.

The facts, briefly, as brought out in the Hearing on Review, are as follows: On December 10, 1952, Dailey Mills, Inc., a creditor of the debtor, petitioned the Supreme Judicial Court of Maine for appointment of receivers to take control of the debtor. Temporary receivers were appointed on January 7, 1953, with the authority "to demand, collect and receive all said property, assets and moneys of said corporation (debtor) wherever found or situated, whether in this or foreign jurisdiction, and to hold the same in their pos-

session, custody or control until further order of this Court".

Less than a month thereafter, namely on February 5, 1953, a Petition for Arrangement under Chapter XI of the Bankruptcy Act was presented by the debtor to the District Court of the United States, District of Maine, Northern Division.

A hearing was had on February 26, 1953, on a petition filed by the State Court temporary receivers praying that the Petition for Arrangement filed by the debtor be dismissed because the State Receivership antedated the voluntary arrangement proceedings and also that the officers, agents and attorneys of the debtor were ordered by the State Court "to refrain in all respects from in any way interfering or attempting to interfere with your temporary receivers in their duties as receivers".

It appears from the Certificate of Review that the Referee dismissed the Petition for Arrangement at that hearing, on the ground that the State Court had jurisdiction over the debtor as a result of the aforementioned receivership. No record was made of the hearing and no summary of the evidence was submitted by the Referee to this Court for its consideration. Likewise no formal written order was issued by the Referee in respect thereto. However, from the transcript of a hearing on matters closely related to the affairs of the debtor, had on February 27, 1953, it appears that an attorney for the debtor made an oral motion that the Referee act upon the Petition for Arrangement filed by the debtor on February 5, 1953.

The attorney for the debtor was informed by the Referee that the petition had been dismissed the previous day at a hearing attended, among others, by counsel associated in this matter with said attorney.

Being so informed, the attorney for the debtor made objection thereto and filed a Petition for Review by this Court on March 4, 1953, praying (1) that the Order of the Referee in dismissing the debtor's Petition for Arrangement be vacated; and (2) that said Petition for Arrangement be approved and allowed.

The sole issue in this case is whether or not a Referee in Bankruptcy has the power to dismiss the debtor's Petition for Arrangement under Chapter XI of the Bankruptcy Act, on the ground that the debtor was in State receivership, which proceedings were initiated in the State Court within four months prior to the filing of the debtor's Petition for Arrangement.

This case presents no difficult problem. The law in respect thereto is well settled, and as a matter of fact, is largely statutory.

Section 311 of the Bankruptcy Act confers upon the Court, upon the filing of an original petition under Sec. 322 of the Act, exclusive jurisdiction of the debtor and its property, wherever located. 11 U.S.C.A. § 711. Chapter XI itself contains no provision specifically dealing with nonbankruptcy receivers, assignees and individuals occupying like positions. The subject is adequately covered nevertheless by Section 2, sub. a(21), Sec. 69, sub. d, and Sec. 70, sub. a(8) of the Bankruptcy Act, 11 U. S.C.A. §§ 11, sub. a(2), 109, sub. d, 110, sub. a(8), of which Section 2, Sub. a(21) is particularly applicable to this controversy.[1]

1. "Require receivers or trustees appointed in proceedings not under this Act, assignees for the benefit of creditors, and agents authorized to take possession of or to liquidate a person's property to deliver the property in their possession or under their control to the receiver or trustee appointed under this Act or, where an arrangement or a plan under this Act has been confirmed and such property has not prior thereto been delivered to a receiver or trustee appointed under this Act, to deliver such property to the debtor or other person entitled to such property according to the provisions of the arrangement or plan, and in all such cases to account to the court for the disposition by them of the property of such bankrupt or debtor: Provided, however, That such delivery and accounting shall not be required, except in proceedings under section 77 and chapters 10 and 12 of this Act, 11 U.S.C.A. §§ 205, 501 et seq., 801 et seq., if the receiver or trustee was appointed, the assignment was made, or the agent was authorized more than four months prior to the date of bankruptcy. Upon such

126

Section 2, Sub. a(21) was added to the Act by the Chandler Act of 1938, and it codified and expanded the doctrine of Taylor v. Sternberg, 1935, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599, wherein a State receiver, appointed in an insolvency proceeding within four months of the filing of a petition in bankruptcy, was compelled to turn over all assets in his possession to the trustee in bankruptcy.

 Thus, if property of the debtor is in the hands of an equity receiver in insolvency proceedings, where no lien exists upon the general assets which antedates bankruptcy by more than four months, the bankruptcy court's jurisdiction over such assets in the hands of the non-bankruptcy receiver is paramount and exclusive, and such receiver holds as a mere repository for the bankruptcy court, not adversely. In re Lustron Corp., 7 Cir., 184 F.2d 798, certiorari denied Lafayette Steel Co. v. Lustron Corp., 340 U.S. 946, 71 S.Ct. 531, 95 L.Ed. 682. A general receivership, such as is involved in this proceeding, instituted within four months of bankruptcy, is therefore superseded by the adjudication in bankruptcy. See Coller on Bankruptcy, 14th Edition, Par. 2.78. Adjudication in bankruptcy occurs upon the filing of the Petition for Arrangement, 11 U.S.CA. § 712.

This disposes of the case, except that it may be well to answer a further contention of the temporary receivers. They insist that the debtor was barred from instituting arrangement proceedings because the decree of the State Court, in establishing the receivership, ordered that the officers, agents and attorneys of the debtor "refrain in all respects from in any way interfering or attempting to interfere with your temporary receivers in their duties as receivers".

No such contention can be accepted as valid by this Court, otherwise it would have the effect of depriving the debtor of its constitutional right to relief under Chapter XI of the Bankruptcy Act. In re Mt. Forest Fur Farms of America, 6 Cir., 103 F.2d 69, 71.

It is therefore ordered, adjudged and decreed that the Order of the Referee dismissing the debtor's Petition for Arrangement under Chapter XI of the Bankruptcy Act, for the reasons stated, be and hereby is

Reversed.

accounting, the court shall reexamine and determine the propriety and reasonableness of all disbursements made out of such property by such receiver, trustee, assignee, or agent, either to himself or to others, for services and expenses under such receivership, trusteeship, assignment, or agency, and shall, unless such disbursements have been approved, upon notice to creditors and other parties in interest, by a court of competent jurisdiction prior to the proceeding under this Act, surcharge such receiver, trustee, assignee, or agent the amount of any disbursement determined by the court to have been improper or excessive."